ALICE MULLINS, Respondent, v. THE MASONIC PROTECTIVE ASSOCIATION, Appellant.

Kansas City Court of Appeals, June 13, 1914.

1. ACCIDENT INSURANCE: Disability: "Immediately," Meaning of. An accident insurance policy provided that total disability should immediately, continuously and solely follow the accident in order to make a valid claim under the policy. It was *held* that "immediately" did not mean instantaneously, but that it did limit the time in which the total disability should become fixed.

2. ——: ——. An accident insurance policy provided that total disability should immediately, continuously and solely follow the accident. The insured was injured on the 6th of

August and continued his work the balance of that day and for six days thereafter, except the 8th, when he stayed at home. On the 16th he was operated on for appendicitis and on the 21st he died. It was *held*, that disability did not immediately follow the injury and that there was no liability under the policy.

Appeal from Jackson Circuit Court.—*Hon. Jos. A. Guthrie*, Judge.

REVERSED.

*Edward E. Naber* and *R. J. Smith* for appellant.

*Fyke & Snider* for respondent.

ELLISON, P. J.—Plaintiff's action is based on accident insurance policy issued to her deceased husband. She recovered judgment in the trial court for $500.

The policy contained these provisions:

"A. The association will pay five dollars for the first entire week and ten dollars for each succeeding entire week of total disability resulting immediately, continuously and solely from accidental injuries due to violent, external and involuntary causes, and leaving visible marks of wounds, fracture or dislocation upon the body of the insured.

"B. If such accidental injuries shall not totally disable the insured an entire week, but shall immediately and continuously disable him from performing a majority of the duties of his occupation, the association will pay, during the continuance of such partial disability, one-half the amount provided in clause A for total disability.

"C. If injuries and disability described in clause A alone result in any of the following total losses within ninety days of the accident, the Association, in lieu of any other indemnity, and provided notice of such injury is mailed to the home office, within twenty

days from date of accident, will pay for one, and only one, of the following total losses: For loss of life five hundred dollars (The principal sum of this policy). . . ."

The accident happened on the 6th of August, 1912 by deceased trying to get on a moving car. He continued at his work several days. Then something appeared to affect him seriously; just what it was was a matter of uncertainty. Finally, on the 16th of August he was taken to a hospital and operated on for appendicitis. He died on the 21st of that month. On the 20th of August plaintiff notified defendant that her husband was sick with appendicitis. Then, on the 3rd of September, 1912, plaintiff sent the following notice which was received two days later: "To the Masonic Protective Association, Worcester, Mass. I am the beneficiary named in your policy No. 55168, issued by you September 26, 1911 for $500 to my husband, Clarence Mullins, of Kansas City, Missouri. On August 6th, Clarence Mullins sustained injuries resulting from a fall upon or across a hard object, hurting himself in the region of the abdomen, and from the time of his injury to the time of his death suffered therefrom. About August 16th, he was taken to St. Marys Hospital, in this city, and an operation performed; said to be for appendicitis, and he died August 21, 1912. This is to be considered my proof of claim, and the amount due me from you under the policy is $500. Kansas City, Missouri, September 3, 1912. Alice Mullins."

Defendant's first and principal objection to the judgment is that the court erred in not sustaining its demurrer to the evidence. The ground upon which this is based is the claim that the evidence in plaintiff's behalf shows that the injuries received by deceased were not such as to cause a "total disability resulting immediately, continuously and solely from accidental injuries;" and that such injuries were not

"alone the sole and only direct cause of the death of the insured."

The testimony of one of plaintiff's chief witnesses and the one who saw the accident was that deceased swung against the car, striking his side, which made him "double up for a moment and look kind of pale;" but he went on with his work for the balance of the day. This witness stated that deceased continued to work on other days and that he worked with him; but he could not be definite as to the length of time. Plaintiff's own testimony as it appeared in her deposition was that deceased was injured Tuesday afternoon and that he said nothing to her about it until Thursday; that he continued his work on the 7th, but not on the 8th. That he resumed his work on the 9th and continued on the 10th, 11th (Sunday) and the 12th. That is to say, he continued his work from the time of the accident, the 6th of August through that afternoon, daily until the 13th, excepting one day.

She testified orally at the trial and cut by one day the length of time he continued his work; she did not say that he worked on the 12th. But she stated that what she said in her deposition was perhaps right, as it was taken shortly after the occurrence. On the 13th, he was taken to his bed for what was thought to be appendicitis. On the 16th he was operated on for that ailment and on the 21st he died. The notices were given as already stated.

It seems apparent that the accident was not of such character as to be within the terms of the policy. It was not followed by immediate, continuous and total disability. The word "immediate" should not be said to mean instantaneous, yet it has a meaning applied to time which limits that time, and several days labor at one's usual avocation before total disability ensues is certainly beyond the limit. In Wall v. Casualty Co., 111 Mo. App. 504, 528, the St. Louis Court of Appeals said, "The word is introduced to prevent un-

certainty as to the cause of the disability. If an interval elapses some obscure ailment may supervene and produce physical or mental enfeeblement, which will be attributed to the accident, and an unjust liability fall on the insurance company. If eight days passed before the plaintiff was unfit for work or business, he was not immediately disabled within the meaning of the policy." At another part of the same opinion (p. 527) Judge Goode said, "We grant that if he was able to work as a brakeman during the week subsequent to the accident, he was neither immediately nor totally disabled within the meaning of the policy."

In Williams v. Accident Ass'n, 91 Ga. 698, the court said that the word necessarily implies that the injury must be such that the insured cannot go on with his work "and then on becoming worse, cease the transaction of his business or labor and hold the company responsible for his loss of time. It seems to us there was excellent sense and reason in the employment of the words used in this policy to prevent liability on the part of the company under just such circumstances as are disclosed in this case, and we are quite sure this was deliberately intended by the draftsman. It often happens that considerable difficulty arises in determining whether or not a particular thing is the proximate or remote cause of an injury and its consequences; and to avoid this difficulty in the numerous and ever-varying cases which might arise, we think the company meant to have it understood that it would not be responsible for loss of time resulting from a physical injury, unless it was plain and manifest that the injury directly, alone and without delay, occasioned such loss of time; and that it would not be liable for loss of time which might result from other intervening causes taking effect after the injury was actually received." The same view is taken in Merrill v. Accident Ass'n, 91 Wis. 329; Preferred Ass'n v. Jones, 60 Ill. App. 106; Loveland v. Fidelity Co., 67

Wis. 174, and James v. Casualty Co., 113 Mo. App. 622, 628.

Defendant's demurrer to the evidence should have been sustained and the judgment will be reversed. All concur.