PROVO STY, J.
Plaintiff brings this suit upon the following clause of the accident policy issued to him by the defendant company :
“The Fidelity & Casualty Company of New York * * * does hereby insure the person herein called the assured named in statement A of the schedule of warranties against bodily injury sustained during the term of one year from noon, standard time, of the day that this policy is dated, through accidental means (excluding suicide, sane or insane, or any attempt thereat, sane or insane) and resulting directly, independently, and exclusively of all other causes, in—
“(a) Immediate, continuous, and total disability that prevents the assured from performing any and every kind of duty pertaining to his occupation.
“(b) Immediate (as respects the injury or as respects preceding total disability) and continuous partial disability that prevents the assured from performing fully work essential to the duties of his occupation.
“(c) Death.”
It will be noted that by the express terms of this policy the injury must have been caused “directly, independently and exclusively of all other causes” by the accident, and that the disability insured against must be ■“immediate” after the accident.
An exception of no cause of action was filed, based on the ground that the petition ■does not allege that the disability followed the accident immediately, or that it was caused “directly, independently and exclusively” by the accident.
This exception was overruled.
It should have been sustained.
The allegations of the petition bearing upon the manner of the injury are as follows:
Paragraph 11. “Now, petitioner avers that on or about August 28, 1915, at about 11 o’clock a. m., in the town of Bay St. Louis, Miss., at petitioner’s summer borne, and while be was on his vacation, be accidently stuck and cut the index finger of bis left hand, infecting the same, whereupon blood poisoning set in, necessitating medical and surgical treatment at the Touro Infirmary in this city, and operations, as hereinafter set forth.”
Paragraph 14. “Petitioner shows that in consequence of his injuries aforesaid he was necessarily confined to the Touro Infirmary, in this city, from September 10, 1915, until November 20, and was and still is incapacitated from attending to his business duties by reason thereof.”
Paragraph 15. “That by reason of the aforesaid injuries and surgical operations petitioner is, within the terms of the policy now in full force and effect, and was, totally disabled, and by the terms thereof, he is entitled to a weekly indemnity of $25 from date of said accident, to wit: On or about August 28, 1915, to date, say 28 weeks, making a total of $700, reserving the right of petitioner to claim further liability until his disability is removed.”
[1]' The allegation “that by reason of the aforesaid injuries and surgical operations petitioner is, within the terms of the policy now in full force and effect, and was, totally disabled, and by the terms thereof,” etc., is, of course, nothing but a conclusion of law, .which adds nothing towards describing the proximity of the disability to the accident in point of time, or the exclusiveness and independence of the accident as the cause of the injury.
As a matter of fact, proof was sought to be made on the trial, and properly excluded, that the injury to the plaintiff, which was slight in itself, a mere scratch of the finger while lifting a window screen, was caused in reality by the diabetic condition of plaintiff.
[2] In Continental Casualty Company v. Ogburn (1911) 175 Ala. 357, 57 South. 852, *55 Ann. Cas. 1914D, 377, the Supreme Court of Alabama said:
“It is sufficient to say that the terms ‘at once’ and ‘immediately,’ as used in the accident policies in dealing with the nature and character of the disability, have 'been construed by a majority of the courts as adverbs of time and not of causation, and that they do not mean a reasonable time, but mean presently or without any substantial interval between the accident and the disability.”
In Mullins v. Masonic Protective Association, 181 Mo. App. 394, 168 S. W. 843, 844 (1914) the court said:
“It seems apparent that the accident was not of such character as to be within the terms of the policy. It was not followed by immediate, continuous, and total disability. The word ‘immediate’ should not be said to mean instantaneous, yet it has a meaning applied to time which limits that time, and several days’ labor at one’s usual avocation before total disability ensues is certainly beyond the limit. In Wall v. Casualty Co., 111 Mo. App. 504, 527, 528, 86 S. W. 491, 499, the St. Louis Court of Appeals said: ‘The word is introduced to prevent uncertainty as to the cause of the disability. If an interval elapses, some obscure ailment may supervene and produce physical or mental enfeeblement, which will be attributed to the accident, and an unjust liability fall on the insurance company. If eight days pass before the plaintiff was unfit for work or business, he was not immediately disabled within the meaning of the policy.’
“At another part of the same opinion, Judge Goode said: ‘We grant that, if he was able to work as a brakeman during the week subsequent to the accident, he was neither immediately nor totally disabled within the meaning of the policy.’ * * *
„ “Defendant’s demurrer to the evidence should have been sustained, and the judgment will be reversed.”
In Williams v. Accident Association, 91 Ga. 698, 17 S. E. 982, the court said:.
“It often happens that considerable difficulty arises in determining whether or not a particular thing is the proximate or remote cause of an injury and its consequences; and, to avoid this difficulty in the numerous and ever-varying cases which might arise, we think the company meant to have it understood that it would not be responsible for loss of time resulting from a physical injury, unless it was plain and manifest that the injury directly, alone and without delay, occasion such loss of time; and that it would not be for loss of time which might result from other intervening causes taking effect after the injury was actually received.”
Under the allegations of the petition the scratch on the finger was received on August 28, 1915, and the disability did not begin before September 10, 1915. The disability is therefore not alleged to have been immediate, and nothing in reality is said of its having -been the exclusive cause.
The judgment appealed from is set aside, the exception of no cause of action is sustained, and the suit of plaintiff is dismissed, at his cost in both courts.
. O’NIELL, J., concurs in the decree, but not in the ruling that “the allegation ‘that by reason of the * * * injuries,’ etc., ‘petitioner is, within the terms of the policy, * * * totally disabled,’ etc., is nothing but a conclusion of law.”