THOMPSON, J.
The plaintiff appeals from a judgment which sustained an exception of no cause of action and dismissed the suit.
The suit is on an accident and disability insurance policy issued by the defendant in favor of L. Lamar Thompson on December 5, 1912. The insured was injured, so it is alleged, on April 12, 1915, while a passenger on one of the street ears in this city. The suit was filed by the insured October 27, 1916, but he died a little better than a month thereafter. His mother, Mrs. Anna P. Thompson, i was substituted as party plaintiff, and she prosecutes this suit in her own behalf. There is no question raised as to the right of the mother to carry on tile suit, and it is not disputed that the policy was in force at the time of his death.
The exception of no cause of action is directed, not only at the failure of the petition to allege a state of facts that would entitle the insured to recover under the insurance feature of the policy, but that the petition on its face shows that the insured cannot recover for injuries from the alleged accident.
The insurance clause of the policy provides for indemnity, “against the effects of bodily injuries caused directly, solely, and independently of all other causes by external, violent, and accidental means, which bodily injuries or their effects shall not be caused wholly or in part, directly or indirectly by any disease, defect, or infirmity, and which shall from the date of the accident result in continuous disability.”
Section 1 of the policy provides for loss of life and for specifically designated injuries. Section 2, part A, is as follows:
“If such injuries shall not result in any of the losses above specified, but shall from the date of the accident disable and prevent the insured from performing every duty pertaining to any and every kind of business or occupation and be regularly attended by a licensed physician, the corporation will pay for the period of such total disability, not exceeding 36 consecutive months, indemnity at the rate of $50 per month.”
Part B provides indemnity for not exceeding 6 months, if the injuries shall not totally disable the insured but shall within 30 days thereafter totally and continuously disable him.
The petition alleges that the insured was injured on April 12, 1915, but that he did not suffer acute pain from the injuries, and was unaware that he had been injured until subsequently thereto; and only began to suffer acutely from said injuries after a period of about 2 weeks from the date of the injury; that on May 25, the pains became so intense and acute as to cause him to seek the advice, of a physician.
It is perfectly apparent that the injuries alleged do not bring the plaintiff’s case within any of the provisions of the policy providing insurance or indemnity for accidental injuries. It was possible for the external violence to have produced the internal injuries which followed the accident and developed thereafter, and to have caused the long confinement and eventual death of the insured; but it is clear that such injuries did not arise at the time of the accident, and were not of such a nature and character as to cause total disability and to prevent the insured from performing “every duty pertaining to any and every - kind of • business from the date of the accident.”
*36 Nor did any such total disability arise within the 30 days following the date of the accident. An injury which caused no pain and which was not discoverable by the injured party until more than 2 weeks after the accident, which is claimed to have produced the injury, and which did not prevent, within said time, the performance of his usual work by the injured party, cannot with any degree of reason or logic be said to date from the time of the accident, nor to create a total disability from the date of the accident within the meaning and intent of the policy.
A similar policy to that here under eonsideration, and an exception of no cause of action based on the precise contention made here, was before the court in Feitel v. Fidelity & Casualty Co. of New York, 147 La. 52, 84 South. 491, and the court said (quoting from the syllabus):
“A petition which alleged an injury on August 28th, from which infection resulted and caused the confinement of petitioner in a hospital beginning from September 10th, without alleging that the disability was immediate or continuous after the injury, and without alleging that it resulted exclusively from the injury, does not entitle insured to recover the benefits provided by the policy for immediate and continuous disability resulting solely from accidental injuries.”
The court cited Continental Casualty Co. v. Ogburn, 175 Ala. 357, 57 South. 852, Ann. Cas. 1914D, 377; Mullins v. Masonic Protective Association, 181 Mo. App. 394, 168 S. W. 843.
There is more reason for sustaining the exception in the case at bar than in the Feitel Case. In that case the petition did not allege that the disability was immediate or continuous after the injury, whereas, in the present case, the petition alleges that the disability did not arise until some 2 weeks after the accident, and the injured party was not even aware that he had suffered an injury until after said 2 weeks from the date of the accident. The policy in this case, however, in addition to providing for accidents, provides a sick benefit under certain conditions. We quote from said policy as follows:
“Sec. 5, part A. If sickness, contracted and beginning after this policy has been in continuous force for 30 days from its date, shall totally disable and prevent the insured from performing any and every duty pertaining to any and every kind of business or occupation, and shall necessarily and continuously confine him within the house while he shall be regularly visited by a licensed physician, the corporation will pay for the period of such confinement after the first week, not exceeding 8 months, indemnity at the rate of $50 per month.”
In paragraph 15 of the petition it is alleged that—
“Petitioner has been continuously confined to his bed from on of about July 27, 1915, to the present date (suit was filed October 27, 1916), and is a helpless invalid, being paralyzed from his waist down, and unable to walk or move from his bed, incapable of doing each and every duty or thing appertaining to his occupation of stenographer and typist, * * * and that petitioner as a result of said injury, and the development of the malady resulting therefrom, will linger a helpless invalid, confined to his bed for the rest.of his life.”
The foregoing allegation, together with other facts set out in the petition, if established on the trial of the case, will entitle the plaintiff to a judgment under the sick benefit clause as last hereinabove quoted.
It is settled that an exception of no cause of action will not be sustained, and the entire demand rejected, where plaintiff is entitled to some relief under the allegations of his petition.
It is therefore ordered and decreed that 'the judgment appealed from, in so far as it sustains the exception of no cause of action against plaintiff’s demand for indemnity for injuries resulting from the accident alleged, be .and the same is affirmed. In all *38 other respects the said judgment is reversed, the exception is overruled, and the case is remanded to the lower court to he proceeded with according to law and the views herein expressed; the defendant to pay the costs of this appeal, and all other costs to await final judgment.
Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, 'JJ.