MAY MARTIN v. TRAVELERS INSURANCE COMPANY, Appellant.

Division Two, October 6, 1925.

1. **ACCIDENT INSURANCE: Total Disability from Date of Accident: Ability to Work for Three Days.** An accident policy providing that "if the injuries shall wholly and continuously disable the insured from the date of the accident from performing any and every

kind of duty pertaining to his occupation," etc., means that the total disability must have begun on the day the injury was received and continued without interruption thereafter; and where the insured was a fireman on a locomotive engine and early in the night was thrown against the can rack over the fire door of the engine by reason of the sudden impact caused by the engine and strings of cars bumping into some freight cars standing on the track in the railroad yards, and said he was not hurt and continued to work until four-thirty o'clock in the morning, then went home at the usual time, and returned to work that night and the following night, he was not totally disabled "continuously from the date of the accident;" and though he was totally disabled from the third day continuously until his death two months later, his beneficiary cannot recover.

2. ———: ———: **Other Clauses.** And that the words "if the injuries shall wholly and continuously disable the insured from the date of the accident" mean that the total disability must have begun within the day on which the injury was received, is emphasized by the other plain provision that if the injury, "during the period of such continuous disability but within one hundred and twenty days from the date of accident, shall result" in death, which means that, in order that the beneficiary might recover, the insured must have died "within one hundred and twenty days from the date of the accident," as determined by excluding the day of his injury and including the date of his death.

Corpus Juris-Cyc. References: Accident Insurance, 1 C. J., Section 178, p. 468, n. 77. Contracts, 13 C. J., Section 481, p. 520, n. 5.

Transferred from Springfield Court of Appeals.

REVERSED.

*G. M. Sebree* and *Mossman, Rogers & Buzard* for appellant.

(1) The court committed error in refusing to give the jury defendant's demurrer to the evidence. (2) No liability upon the policy was established, as injured was not wholly and continuously disabled from date of injury until death. Doyle v. Ins. Co., 182 S. W. 944;

Continental Cas. Co. v. Ogburn, 175 Ala. 357.; Masonic Protect. Assn. v. Farrar, 26 N. E. (Ind.) 435; Letherer v. Health & Acc. Co., 108 N. W. (Mich.) 491; Preferred Masonic Assn. v. Jones, 60 Ill. App. 106.

*Hamlin & Hamlin* and *C. W. Hamlin* for respondent.

The evidence clearly shows that the insured was totally disabled within the meaning of the law as applied to the conditions of the policy sued on. It is true that he possibly worked two shifts after being hurt but complained all this time. For the appellant to try to raise the question that "no liability upon policy was established, as injured was not wholly and continuously disabled from date of injury until death" is not justified by the facts and is hair-splitting. The case of Doyle v. New Jersey Fidelity Ins. Co., 182 S. W. 944, which is cited by appellant in his brief, says that "insured, a dentist, injured his finger with a burr, contracting blood poisoning in the wound, though for several days before he was forced to retire he was able to go to his office and perform part of his ordinary duties. After a month in bed, he returned to his office and for over three months performed all of his regular duties, dying suddenly at the end of that period. It was held that insured's disability was immediate and continuous during the time between the infliction of the wound and the development of the infection, and so "recovery cannot be defeated on the ground that there was no continuous disability."

BLAIR, J.—Action upon a policy of accident insurance. Respondent is the widow of William H. Martin, the insured, whose death is alleged to have been the result of accident within the terms of such policy. Judgment below went for plaintiff, beneficiary, and defendant was granted an appeal to the Springfield Court of Appeals. There the judgment of the trial court was reversed for procedural errors and the cause was remanded. As it was deemed that the opinion of that court was

in conflict with Mullins v. Masonic Protective Assn., 181 Mo. App. 394, a decision by the Kansas City Court of Appeals, the case was certified to this court.

The insured was a locomotive fireman, working in the railroad yards at Springfield, Missouri. The evidence offered by plaintiff tended to show that insured was thrown against the can rack over the fire door of the engine by reason of the sudden impact caused by the engine and string of cars bumping into some freight cars standing on the track. The engineer testified that, at or about the time of such impact, the insured was putting a shovel of coal into the fire and that he staggered against the can rack above the fire door and struck his shoulder. This was in the early part of the night shift. The engineer asked insured if he was hurt and he said that he was not. He made no complaint of injury later. Insured continued at work until 4:30 A. M., his regular time of quitting.

From the testimony of the plaintiff, it appears that the alleged injury must have occurred on September 15th. She said that insured came home from work at the usual time next morning and complained of his back and showed her a place about the size of a hen egg, close to the backbone on the left side and just above the hip. She testified that insured returned to work that night and the following night. From this testimony we conclude that insured worked the greater part of his shift after he was injured and the two following shifts. Without entering into details of the testimony, it suffices to say that the evidence of plaintiff.tended to show that insured thereafter became totally disabled. He never returned to work and died November 20, 1920.

The defendant contended below, and now contends, that the injury to insured's back, if any, was not caused by the impact between the engine and the freight cars and that, even if it was so caused, such injury was not the cause of insured's death and that his death was caused by disease. We will assume, without deciding, that the evidence offered by plaintiff upon such issues

tends to support the verdict of the jury, and proceed directly to a consideration of the question we regard as determinative. That question is: Was insured, by reason of such accidental injury, *wholly and continuously disabled from date of accident,* within the meaning of the policy?

The policy contained the following provision:

"If such injuries shall wholly and continuously disable the insured *from date of accident* from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability but within one hundred and twenty days from date of accident, shall result, independently and exclusively of all other causes in any one of the losses enumerated in this part, the company will pay the sum set opposite such loss," etc. (Italics ours.)

It was then provided that for loss of life the company would pay the principal sum of the policy, which was $1000.

That insured was wholly and continuously disabled from a period two or three days after the time of his alleged injury to the date of his death, there is no question on this record. Nor can there be any doubt that he was *not* wholly and continuously disabled from the night of September 15th, when the alleged injury was received, until after the completion of his night's work, on the shift beginning September 17th, from performing any and every kind of duty pertaining to his occupation. The question then is whether an injury suffered through accident which does not result in wholly and continuously disabling the insured for two or three days after the accidental injury comes within the provision that such injury "shall wholly and continuously disable the insured *from date of accident.*" The Springfield Court of Appeals held that the evidence tended to show that fact. It held that the words "from date of accident" and "immediate" or "immediately" were of similar import, and concluded that the weight of authority in

construing such words of similar import justified the conclusion that total disability, resulting from the accidental injury and within two or three days thereafter, was total disability "from date of accident" within the meaning of the policy before us. The Court of Appeals thus stated its conclusion in this respect:

"We are of the opinion that, under the facts of the case at bar and the better reasoned authorities, insured was wholly and continuously disabled from *date of accident* as this phrase should be construed to effectuate the real purpose of the contracting parties."

The practice of substituting words of supposed similar import for words actually used by the parties to the contract and then proceeding to construe such substituted words is at best of doubtful propriety. We decline to follow our learned brethren of the Court of Appeals in their conclusion that the words "from date of accident" are equivalent to "immediate" or "immediately" and be led thereby into the prevailing maze of conflicting authority construing such substituted words.

The plain provisions of the policy before us are that, before the beneficiary can recover, the insured must have died within one hundred and twenty days as the result of accidental injuries which produced total disability, beginning "from date of accident" and continuing to the date of his death. We can only construe the contract as the parties made it. We cannot help the beneficiary to escape the unfortunate consequences of an unwise or improvident contract made by the insured. There is no uncertainty or ambiguity about the words "from date of accident" and, therefore, no room for a construction such as the Court of Appeals sought to put upon the words "immediate" or "immediately," after they had concluded that those words were of similar import with the words "from date of accident." Unless we can say that the occurrence of total disability two or three days after the accident is the occurrence of total disability from "date of accident," the beneficiary cannot recover. If we can say that total disability occurring

two or three days after the accidental injuries were received comes within the language of the policy, then we could stretch such time to a week, a month or the full period of one hundred and twenty days, if the causes, set in motion by such accidental injury, resulted, in the ordinary course of nature, in the total disability and the death of the insured within one hundred and twenty days. There is no time within such period of one hundred and twenty days to which the liability of the company could not thus be extended. There is no room for such construction.

That the words "from date of accident," used in connection with the time the total disability must begin, mean that such total disability must begin within the day when the accident occurs, is apparent from the use of the same words in the same clause of the policy where it is provided that, if certain losses occur "within one hundred and twenty days *from date of accident,*" certain sums shall be paid the insured. As used in the latter connection the words "from date of accident" undoubtedly mean from the calendar day upon which the accident occurred. The words are undoubtedly used in the same sense both times. There can be not the slightest doubt that, if insured's death had not occurred within one hundred and twenty days from September 15, 1920, as determined by excluding the day of his injury and including the day of his death, such death would not have been covered by the terms of the policy.

We have found and are cited to no case where this court or either of the courts of appeals have previously decided what is meant by the words "from date of accident," as used here. The only case cited by appellant is Robinson v. Masonic Protective Assn., 87 Vt. 138. There the evidence tended to show that an accidental bruise resulted in a felon within twenty-four hours and came within the provisions of the policy that the accidental injury should totally disable the insured "from the date of the accident." In disposing of the case WATSON, J., said:

310 Mo. Sup.—27.

"The claim that no recovery can be had under Clause B, because the plaintiff's injury did not 'totally disable him from the date of the accident,' must also be determined against the defendant on the tendency of the evidence and the construction of the contract. As already seen, the evidence tended to show that the felon appeared within less than twenty-four hours from the time of the injury. It further tended to show that total disability resulted from the time of its appearance. The question then is, Was such disability within less than twenty-four hours after the time of the accident, though on the next calendar day, 'from the date of the accident' within the meaning of that clause of the policy? A construction making the words 'from the date of the accident' mean from the calendar day on which the accident occurred, would be so unreasonable in some cases as to render it almost certain that such a construction was not contemplated by the parties to the contract. For instance, the insured might meet with accidental injuries between eleven and twelve o'clock at night, it being within the last hour of the calendar day, and yet if that is the date contemplated by the policy, the total disability of the insured must begin within the same hour and perhaps instantly, in order to entitle him to the benefits provided by Clause B. Assuming that this provision was inserted in the contract by the insurer with intentions reasonable and just toward the insured, we think the words, 'date of the accident' as used in that clause, were intended to mean total disability from the day of the accident, reckoned from the time of the accident, that is, within twenty-four hours thereafter."

That case construes those words as liberally as we think they can be construed. The reasoning of that court is sound and should be followed in the case at bar. The total disability resulting in death, against which defendant insured plaintiff's husband, did not occur within twenty-four hours after the alleged injury, which is the longest reasonable duration of time to be given to the words requiring that total disability ensue "from date

of accident."., The loss to the beneficiary is not covered by the policy in suit.

This conclusion renders it unnecessary to consider any other assignments of error. The facts as to the commencement of total disability were so fully developed upon the trial that nothing could be accomplished by a new trial.

Judgment reversed. All concur.