STATE OF MISSOURI at the relation of METROPOLITAN LIFE INSURANCE COMPANY, Relator, v. JEFFERSON D. HOSTETTER, WILLIAM DEE BECKER and EDWARD J. McCULLEN, Judges of the St. Louis Court of Appeals.—92 S. W. (2d) 122.

Court en Banc, March 18, 1936.

*Fordyce, White, Mayne & Williams* and *R. E. LaDriere* for relator; *Leroy A. Lincoln* of counsel.

*W. A. Brookshire* for respondents.

TIPTON, J.—We issued our writ of certiorari to review the judgment of the St. Louis Court of Appeals in the case of Charles R. Moss v. Metropolitan Life Insurance Company. The opinion in that case is reported in 84 S. W. (2d) 395, where a complete statement of the facts in the case may be found.

The respondent, a former employee of the St. Joseph Lead Company sued to obtain from the relator benefits under the total and permanent disability provision of a group insurance policy, issued by the relator, the pertinent provisions of which are as follows:

"Upon receipt at its Home Office in the City of New York of due proof that any Employee, while insured hereunder and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the Company will waive the payment of further premiums as to such Employee and six months after receipt of such proof will commence to pay, in lieu of the payment of insurance at his death, monthly installments as defined below to the said Employee . . . and will continue such payments for the period pro-

vided below, should the insured continue totally and permanently disabled."

The policy expired March 31, 1932, and the plaintiff in the case under review worked for approximately sixteen days during April, 1932. The respondents in their opinion set out the evidence of several witnesses for plaintiff showing that he was totally and permanently disabled during the month of March of that year. It is the respondents' contention because, during this month of April, plaintiff continued to perform the usual duties of his employment in a manner satisfactory to his employer and received the usual compensation for the same, the trial court should have directed a verdict for relator.

The respondents construed the provisions of the policy as follows: "Policy provisions insuring against total and permanent disability, such as the provisions here involved, are not given a strict and literal construction, but are given a liberal construction, on the theory that the fair intention of the parties to the contract is that the insured shall receive indemnity when he is disabled as a result of bodily injury or disease to the extent that he is unable to carry on any occupation, business or profession which without the disabling injury or disease he would be able to engage in. It is not required that he shall be absolutely helpless, but he is totally disabled when the infirmity from which he suffers renders him unable to perform in the usual and customary way substantially all the material acts of any occupation, business or profession he would be able to engage in but for his disabling infirmity. The mere fact that he performed the duties of his occupation for a time is not sufficient in itself to defeat his claim of total disability. He may have worked when really unable and at the risk of endangering his health or life. The fact that under distressing circumstances a strong will and great courage caused him to do what he was unable to do without great physical pain and effort, or without endangering his health or life, or what common care and prudence would require a person in his condition to desist from doing, does not as a matter of law show that he was not totally disabled. [Rickey v. New York Life Ins. Co. (Mo. App.), 71 S. W. (2d) 88; Missouri State Life Ins. Co. v. Case (Ark.), 71 S. W. (2d) 199; Kemper v. Police & Firemen's Ins. Co. (Tex.), 44 S. W. (2d) 978; Lumbra v. United States, 54 Sup. Ct. 272; Home Life Ins. Co. v. Ward (Ark.), 75 S. W. (2d) 379; Kinyon v. Kinyon (Mo. App.), 71 S. W. (2d) 78; McMahon v. Supreme Council, 54 Mo. App. 468; Travelers'. Ins. Co. v. Turner (Ky.), 39 S. W. (2d) 216; James v. United States Casualty Co., 113 Mo. App. 622, 88 S. W. 125; Aetna Life Ins. Co. v. Wyant (Ky.), 61 S. W. (2d) 50; Mutual Benefit Health & Accident Assn. v. Bird (Ark.), 47 S. W. (2d) 812; Foglesong v. Modern Brother-

hood of America, 121 Mo. App. 548, 97 S. W. 240; Equitable Life Assur. Soc. v. Merlock (Ky.), 69 S. W. (2d) 12; Prudential Ins. Co. v. Harris (Ky.), 70 S. W. (2d) 949; Kane v. Metropolitan Life Ins. Co. (Mo. App.), 73 S. W. (2d) 826.]

"It is manifest that this court may not say as a matter of law that plaintiff here did not become totally and permanently disabled, while the policy was in force, within the meaning of the policy. To do so would be to ignore the undisputed testimony."

The relator contends that the ruling of the respondents is in conflict with our opinion in the case of Martin v. Travelers' Insurance Co., 310 Mo. 411, 276 S. W. 380. In that case the widow of the insured obtained a judgment against the defendant on an accident insurance policy. We think the opinion of the respondents does not conflict with it, as the following quotation will show:

"Was insured, by reason of such accidental injury, *wholly and continuously disabled from date of accident,* within the meaning of the policy? The policy contained the following provisions:

" 'If such injuries shall wholly and continuously disable the insured *from date of accident* from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability but within 120 days from date of accident, shall result, independently and exclusively of all other causes in any one of the losses enumerated in this part, the company will pay the sum set opposite such loss,' etc. (Italics ours.)

"It was then provided that for loss of life the company would pay the principal sum of the policy, which was $1000.

"That insured was wholly and continuously disabled from a period of two or three days after the time of his alleged injury to the date of his death, there is no question on this record. Nor can there be any doubt that he was not wholly and continuously disabled from the night of September 15th, when the alleged injury was received, until after the completion of his night's work, on the shift beginning September 17th, from performing any and every kind of duty pertaining to his occupation. The question then is whether an injury suffered through accident, which does not result in wholly and continuously disabling the insured for two or three days after the accidental injury, comes within the provision that such injury 'shall wholly and continuously disable the insured *from date of accident.*' The Springfield Court of Appeals held that the evidence tended to show that fact. It held that the words 'from date of accident,' and 'immediate' or 'immediately,' were of similar import, and concluded that the weight of authority in construing such words of similar import justified the conclusion that total disability, resulting from the accidental injury and within two or three days thereafter, was total disability 'from date of accident' within the meaning of the

policy before us. The Court of Appeals thus stated its conclusion in this respect:

" 'We are of the opinion that, under the facts of the case at bar and the better reasoned authorities, insured was wholly and continuously disabled from date of accident as this phrase should be construed to effectuate the real purpose of the contracting parties.'

"The practice of substituting words of supposed similar import for words actually used by the parties to the contract, and then proceeding to construe such substituted words, is at best of doubtful propriety. We decline to follow our learned brethren of the Court of Appeals in their conclusion that the words 'from date of accident' are equivalent to 'immediate' or 'immediately,' and be led thereby into the prevailing maze of conflicting authority construing such substituted words.

"The plain provisions of the policy before us are that, before the beneficiary can recover, the insured must have died within 120 days as the result of accidental injuries which produced total disability, beginning 'from date of accident' and continuing to the date of his death. We can only construe the contract as the parties made it. We cannot help the beneficiary to escape the unfortunate consequences of an unwise or improvident contract made by the insured. There is no uncertainty or ambiguity about the words 'from date of accident,' and, therefore, no room for a construction such as the Court of Appeals sought to put upon the words 'immediate' or 'immediately,' after they had concluded that those words were of similar import with the words 'from date of accident.' Unless we can say that the occurrence of total disability two or three days after the accident is the occurrence of total disablity from 'date of accident,' the beneficiary cannot recover. If we can say that total disability occurring two or three days after the accidental injuries were received comes within the language of the policy, then we could stretch such time to a week, a month, or the full period of 120 days, if the causes, set in motion by such accidental injury, resulted, in the ordinary course of nature, in the total disability and the death of the insured within 120 days. There is no time within such period of 120 days to which the liability of the company could not thus be extended. There is no room for such construction."

In that case the question was not when total disability began, because it was conceded that disability did not begin for two or three days after the accident, but the opinion states that "the question then is whether an injury suffered through accident which does not result in wholly and continuously disabling the insured for two or three days after the accidental injury comes within the provision that such injury shall wholly and continuously disable the insured from date of accident." In that case we held that language of the

policy was plain and unambiguous and there was no room for construction.

But in the case at bar, the respondents held that the language of the policy was open to construction and that it should be given a liberal construction. We have not found any of our cases that construed the same or similar provisions contrary to the ruling of the respondents. In fact, in a recent certiorari proceeding in this court in the case of State ex rel. Metropolitan Life Ins. Co. v. Allen, 337 Mo. 525, 85 S. W. (2d) 469, in an opinion written by FRANK, J., we held contrary to the contention of the relator in the case at bar.

The provisions of the policy in that case were as follows:

"Total and Permanent Disability Benefits.

"Any employee shall be considered as totally and permanently disabled who furnished due proof, that, as the result of bodily injury suffered or disease contracted while his insurance was in force and prior to his sixtieth birthday, he is permanently, continuously and wholly prevented thereby from performing any work for compensation or profit.

"Upon receipt of due proof of such disability, the Metropolitan Life Insurance Company will pay to such employee, in lieu of the payment at death of the said insurance on the life of such employee, equal monthly installments based on the amount of insurance in force on such employee at the date of receipt of proof of such disability, as shown in the following tables."

In ruling that case we said:

"Without setting out the cases which relator cites in support of this contention, it may be stated that the uniform holding of this court is that where an insurance policy is open to different constructions, that most favorable to the insured must be adopted. But where the language of the policy is plain and unambiguous, such language must be given its plain meaning. So the question is, are the provisions of the certificate plain and unambiguous? If so, the province of the Court of Appeals was to give the language of the certificate its plain meaning and enforce it as written. On the other hand, if the language of the policy is ambiguous and open to different constructions, the Court of Appeals had authority to give the certificate any construction it thought proper, and be immune from certiorari, provided its opinion does not conflict with prior controlling decisions of this court on the same or a similar state of facts, or run counter to some established principle of law announced by this court.

"No decision of this court has been cited, and we have found none, which construes an insurance policy with like or similar provisions to the one here in controversy, so it cannot be said that the opinion of the Court of Appeals conflicts with controlling decisions of this

court on a like or similar state of facts. Our only province on certiorari being to determine questions of conflict, we have no authority to construe the policy in controversy for the purpose of determining whether the opinion of the Court of Appeals is right or wrong, but we do have a right to determine whether or not the language of the policy is plain and unambiguous for the purpose of deciding whether or not the Court of Appeals' opinion which construes the language of the policy violates controlling decisions of this court holding that unambiguous language in an insurance policy is not open to construction, but must be given its plain meaning and be enforced as written.

"Is the language of the policy in controversy plain and unambiguous, or is it ambiguous and for that reason open to construction? The language of the policy is that a policyholder is totally and permanently disabled when he is permanently, continuously and wholly prevented from *performing any work for compensation or profit*.

"Evidently the purpose of one in carrying a policy of insurance providing for total and permanent disability benefits is to have such benefits take the place of his earnings and provide a livelihood for him in case he becomes totally and permanently disabled. While we do not intend to construe the language of the policy, we do say that the evident purpose of the parties in entering ino such a contract aids in determining whether or not its language is clear and plain or ambiguous. If an able-bodied railroad engineer carrying such a policy should lose both legs and one arm and yet be able to sit on the street corner and sell peanuts, shoestrings or newspapers for which he would receive some compensation or profit, would he be totally disabled within the meaning of his policy? If the hearing and eyesight of a member of this court should become so defective that he would be unable to perform his official duties, but he would yet be able to mow his lawn or hoe his garden, and do like work for his neighbors for a small compensation, would he be totally disabled within the meaning of the policy in question? Does the language of the policy mean that if the insured is able to perform substantially the duties of his occupation, he is not disabled? Or does it mean that if he is physically able to perform substantially any work for which he is equipped, he is not disabled? Such an insurance policy is nothing more nor less than a contract between the insurance company and the insured. When we keep in mind the evident purpose prompting the parties to enter into such a contract, we know it does not mean that if an injured policyholder is able to do anything whatsoever for any compensation whatsoever, he is not totally disabled. But what does it mean? What does performing work for compensation or profit mean? The language of the policy is not clear and plain. Its meaning cannot be deter-

mined except by an authoritative construction. If the case were here on appeal we would be authorized to construe the language of the policy and determine the policyholder's rights thereunder. But we have no right to do so on certiorari for the purpose of determining whether the opinion of the Court of Appeals is sound or unsound. In view of the fact that this court has not construed an insurance policy like or similar to the one here in controversy, and in view of the further fact that the language of the policy in question is ambiguous and, therefore, open to construction, the construction of the Court of Appeals gave the policy is not subject to review by this court on certiorari.

"Further contention is made that the evidence clearly showed the insured was actually engaged in work for compensation or profit, and that his disability did not prevent him from performing any work for compensation or profit.

"In view of the fact that this court has not construed an insurance policy containing language like or similar to the one in question, it necessarily follows that we have not determined what would or would not constitute total disability within the meaning of such a policy, and we have no authority to do so for the first time on certiorari."

On the authority of the case of State ex rel. v. Allen, supra, our writ of certiorari heretofore issued, should be quashed. It is so ordered. All concur.