FRANK H. SHAMBAUGH, APPELLEE, V. GREAT NORTHERN LIFE INSURANCE COMPANY, APPELLANT.

FILED JULY 8, 1936. No. 29712.

*Shuman & Overcash,* for appellant.

*Harold E. Coates, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE and LANDIS, District Judges.

GOOD, J.

Plaintiff sued on a policy of accident insurance, to recover for alleged total and partial disability benefits. Defendant admitted the issuance of the policy and that it was

in force, but denied that plaintiff's disability, either total or partial, was within the terms of the policy. The trial resulted in a judgment for plaintiff, and defendant has appealed.

The cause was submitted upon a brief and oral argument by counsel for defendant. Plaintiff failed to file brief or present oral argument.

The policy provides for the payment of disability benefits caused "solely from bodily injuries effected, directly and independently of all other causes, through accidental means." The policy further provides that, "if such bodily injuries, independently and exclusively of all other causes, wholly and continuously disable the insured *from the date of accident* from performing any and every kind of duty pertaining to his occupation, for one day or more and so long as the insured lives and suffers said total disability, but subject to Part I, the company will pay" (the indemnity provided for), and further provides: "Or, if such bodily injuries, independently and exclusively of all other causes, wholly and continuously disable the insured *from date of accident* from performing one or more important daily duties pertaining to his occupation, or for like continuous disability following total loss of time, the company will pay for the period of such partial disability, but not exceeding three months, and subject to Part I, a monthly indemnity," as provided in the policy. (Italics ours.)

In his petition plaintiff alleges that on the 28th day of November, 1933, he sustained a scratch on the back of his neck; that about the 8th day of December following he became partially disabled, and on the 12th day of December became totally disabled for a period of about two months. The cause was submitted upon the evidence on behalf of plaintiff, together with a stipulation of the parties, so there is no conflict.

The evidence discloses that the scratch on the back of plaintiff's neck was about one-fourth of an inch long; that plaintiff did not know whether it caused any hemorrhage or that it pierced the skin; that about eight days there-

after he noticed some irritation; that on the 10th of December he was partially disabled and on the 12th became wholly disabled; that the wound became infected, and there was general septicemia, or blood poisoning. The evidence also discloses that between November 28 and December 10 plaintiff, who is a physician and surgeon, was treating a number of patients who were suffering from various kinds of infection. The evidence does not disclose when the scratch on plaintiff's neck became infected, nor the source of the infection. A physician, who attended plaintiff during his illness, testifies that it could have come from the scratch, but his general testimony indicates that it must have occurred later.

The policy provides that the insurance "covers loss or disability caused by pyogenic infection, the direct result of external inoculation through bodily injuries covered by the policy, subject to all its terms and provisions." Since the evidence fails to show that the septicemia, or blood poisoning, was the direct result of and caused by the accidental scratch on the back of plaintiff's neck, we think that disability resulting from septicemia is not covered by the policy. The evidence discloses that from the 28th day of November, the date on which, plaintiff alleges, the scratch on his neck occurred, he performed his duties, the same as usual, for a period of 10 or 12 days.

The language of the policy seems clear and unambiguous. Its provisions are not illegal or contrary to public policy. The parties have a right to make such a contract as the one in controversy. It is a rule that, where there is no uncertainty as to the meaning of an insurance contract and the same is legal and not against public policy, it will be enforced as made. *Omar Baking Co. v. Employers Liability Assurance Corporation,* 130 Neb. 365, 264 N. W. 873.

In *Himelbloom v. Metropolitan Life Ins. Co.,* 128 Neb. 52, 257 N. W. 525, it was said (p. 55): "The right of competent persons to enter into lawful contracts is fundamental. Parties to contracts may express their agreements in their own language unless specific forms are prescribed by

law. It is not the province of courts to make contracts for parties or to extend by interpretation written language therein beyond its proper import." ·

In the instant case the plain import of the language of the policy is that the insured may recover for disability, either partial or total, only when the disability is the result of an accidental injury, and where the disability is continuous from the date of such injury.

In *Southern Surety Co. v. Penzel,* 164 Ark. 365, 261 S. W. 920, it was held: "Under an accident policy indemnifying insured against injury wholly disabling insured 'from date of accident,' insured could not recover for total disability caused by blood poisoning developing three days after the accident."

In *Martin v. Travelers Ins. Co.,* 310 Mo. 411, 276 S. W. 380, a similar policy provision was involved. In that case disability did not develop until the third day after the accidental injury. It was held that insured was not entitled to recover. Other cases holding to the same effect are: *Penquite v. General Accident, Fire & Life Assurance Corporation,* 121 Kan. 174, 246 Pac. 498; *Thompson v. General Accident, Fire & Life Assurance Corporation,* 155 La. 31, 98 So. 746; *Laventhal v. Fidelity & Casualty Co.,* 9 Cal. App. 275, 98 Pac. 1075; *Coburn v. Maryland Casualty Co.,* 224 Ky. 377, 6 S. W. (2d) 471; *Johnson v. Travelers Ins. Co.,* 269 N. Y. 401, 199 N. E. 637; *Williams v. Preferred Mutual Accident Ass'n,* 91 Ga. 698, 17 S. E. 982; *Masonic Protective Ass'n v. Farrar,* 73 Ind. App. 19, 126 N. E. 435; *Kennard v. Travelers Protective Ass'n,* 157 Va. 153, 160 S. E. 38; *Mullins v. Masonic Protective Ass'n,* 181 Mo. App. 394, 168 S. W. 843; *Herwig v. Business Men's Accident Ass'n,* 234 S. W. (Mo. App.) 853; *Smith v. United States Nat. Life & Casualty Co.,* 101 Cal. App. 79, 281 Pac. 413; *Feitel v. Fidelity & Casualty Co.,* 147 La. 52, 84 So. 491; *Letherer v. United States Health & Accident Ins. Co.,* 145 Mich. 310, 108 N. W. 491; *Walters v. Mutual Benefit Health & Accident Ass'n,* 208 Ia. 894, 224 N. W. 494.

It is clear that plaintiff's disability did not occur on the

date of the accidental injury, nor for eight or ten days thereafter. His disability does not fall within the terms of the policy. He is not entitled to recover. The allegations of plaintiff's petition and his testimony disclose that he has no valid claim against the defendant for disability, either total or partial, arising from the accident which occurred on November 28, 1933.

We have not overlooked the opinion of this court in *Rathbun v. Globe Indemnity Co.*, 107 Neb. 18, 184 N. W. 903, which was rendered by a divided court. In that case the plaintiff received an injury and was at least partially disabled immediately thereafter for three days; then apparently recovered so as to carry on his occupation as a physician for some two weeks; thereafter became entirely disabled and died as the result of sarcoma, which was caused directly by the injury. Without approving or disapproving that opinion, the facts are so entirely different that we feel it is not authority in the instant case.

The judgment of the district court is reversed, and the cause dismissed.

REVERSED AND DISMISSED.