Margaret M. Thun, Appellant, v. Mutual Benefit Health and Accident Association of Omaha, Appellee.

**Gen. No. 44,777.**

Opinion filed January 19, 1950. Released for publication February 21, 1950.

James P. Moore, of Chicago, for appellant.

Ross, Berchem & Schwantes, of Chicago, for appellee.

Mr. Presiding Justice Lewe delivered the opinion of the court.

This is an action by the beneficiary named in an accident insurance policy issued by the defendant to plaintiff's husband, Andrew N. Thun. A jury trial resulted in a verdict in favor of plaintiff for $5,000. After the verdict the trial court allowed a motion for a directed verdict made by defendant at the close of all the evidence, upon which the court had reserved its ruling, and judgment was entered accordingly.

The pertinent provisions of the policy read: "Mutual Benefit Health and Accident Association does hereby insure Andrew N. Thun of the City of Chicago, State of Illinois, against loss of life, limb, sight or time, resulting directly and independently of all other causes, from bodily injuries sustained through purely Accidental Means (Suicide, sane or insane, is not covered), and against loss of time on account of disease contracted during the term of this Policy, respectively, subject, however, to all the provisions and limitations hereinafter contained. Part A. If the insured shall through accidental means, sustain bodily injuries as described in the insuring clause, which shall, independently and exclusively of disease and all other causes, immediately, continuously and wholly disable the insured from the date of the accident and result in any

386

of the following specific losses within thirteen weeks, the Association will pay: For loss of life, $5,000.''

Plaintiff resided with her husband Andrew Thun, the insured, at Lake Geneva, Wisconsin. Thun, a tobacco broker, had a place of business at Argo, Illinois, which was approximately seventy-five miles from his residence at Lake Geneva. In the rear of his business establishment the insured had living quarters which he occupied while at Argo. On week-ends it was his custom to return to his home at Lake Geneva. About noon February 4, 1946, the insured drove his automobile from his home at Lake Geneva, intending to go to his place of business. The roads were covered with snow and were slippery. While driving in a southerly direction between the villages of Wauconda and Lake Zurich, Illinois, on Route 12, his automobile skidded from the road and went through a barbed wire fence stopping at a right-of-way post located about twenty feet east of the edge of the pavement. Shortly afterward his automobile was towed back onto the road by employees of the State Highway Department and the insured drove it to Argo. Late in the afternoon of February 8, 1946, the insured drove his automobile back to his residence at Lake Geneva.

Plaintiff testified that when the insured arrived at his home about half past four or five o'clock on February 8, he looked ''very white in the face''; that she ''led him to the couch'' where he slept during the night; that there was a red mark on the side of his head; that on the following morning he arose about 7:30 a. m. and after a light breakfast he got off the couch and ''kind of wavered and fell at my feet''; that February 9, she accompanied the insured to Dr. Jeffers' office where he was examined; and that on February 10, he was taken to the Walworth County

Hospital where he remained until his death March 16, 1946.

Dr. Jeffers testified that his examination of the insured on February 9, indicated no marks of trauma; that he was suffering from severe palpitation and nervousness, and that his pulse remained high throughout his stay at the hospital where he suffered a stroke and later died.

There is no evidence with respect to the insured's activities after the accident on February 4, until he returned to his home at Lake Geneva on February 8, a period of five days, other than that it was his custom to pursue his business at Argo.

Plaintiff insists that the liability of defendant does not depend upon the condition of health of the insured or his ability to pursue his business between the time of his alleged injury and his death.

The basic question presented relates to the construction of the phrase appearing in Part A of the policy, which reads: *"immediately,* continuously and wholly disable the insured *from the date of the accident."*

In *Genna v. Continental Casualty Co.,* 167 Ill. App. 413, we held that the word "immediately" as used in policies is to be construed in this connection as a word of time, and does not mean a reasonable time. See *Preferred Masonic Mut. Acc. Ass'n v. Jones,* 60 Ill. App. 106.

In *Walters v. Mutual Benefit Health & Accident Ass'n,* 208 Iowa 894, 224 N. W. 494, construction of an identical policy issued by this defendant was involved. There plaintiff contended that the word "immediately" does not mean "instantaneously" but does mean the period within which nature acts to work a total disability from the injury. The court held that the word "immediately" is limited by the use of the words "from the date of accident" and means the particular date when the injury occurred.

In *Markel v. Mutual Benefit Health & Accident Ass'n* (Mo. App.), 121 S. W. (2d) 176, where the same policy was under consideration as in the present case, the court said that it was essential to a recovery by the beneficiary that it be shown that the total disability had begun with the date of the occurrence of the accident or at most within twenty-four hours after the occurrence thereof. To the same effect is *Shambaugh v. Great Northern Life Ins. Co.*, 131 Neb. 415, 268 N. W. 288 and the cases there cited at page 418. See Vol. 45, C. J. S., page 994 (Insurance).

In support of her position plaintiff cites *Ziolkowski v. Continental Casualty Co.*, 365 Ill. 594, and cases in foreign jurisdictions. In the *Ziolkowski* case, upon which plaintiff relies strongly, the policy in controversy provided, in separate portions of the policy, for separate indemnities. There early clauses in the policy conferred benefits which were restricted in later clauses. In the instant case the condition requiring "immediate" disability from the "date of the accident" is contained within the clause conferring the death benefit. Unlike the policy in the *Ziolkowski* case we think the language in the policy here in question is plain and unambiguous.

We have analyzed the other authorities cited by plaintiff, including the case of *Murphy v. Travelers Ins. Co.*, 141 Neb. 41, 2 N. W. (2d) 576, where the Supreme Court of Nebraska appears to have adopted the "process of nature rule" and thus overruled *Shambaugh v. Great Northern Life Ins. Co.* In our opinion the cases of *Walters v. Mutual Benefit Health & Accident Ass'n*, 208 Iowa 894, 224 N. W. 494, *Markel v. Mutual Benefit Health & Accident Ass'n* (Mo. App.), 121 S. W. (2d) 176, and *Shambaugh v. Great Northern Life Ins. Co.*, 131 Neb. 415, 268 N. W. 288, are best reasoned and most analogous to the present case.

389

The complaint alleges that the insured came to his death as the result of an accident occurring on February 4, 1946, and that the insured was totally disabled from the date of the accident February 4, 1946 to the date of his death. The record shows that one Louis Fiene, a gasoline station operator, testified that he saw a bruise on the head of the insured on the day of the accident. Plaintiff said she saw a red mark on the head of the insured five days later. This mark apparently had disappeared on the following day (February 9) when Dr. Jeffers examined him. Whether the insured received the bruise in the accident does not appear from the evidence.

So far as the record shows, the disability of the insured commenced on the sixth day following the accident. We are, therefore, impelled to hold, under the authorities last cited, that the insured was not "immediately" disabled from the "date of the accident" as provided by the policy.

We have considered the other points urged and the authorities cited in support thereof, but in the view we take of this case we deem it unnecessary to discuss them.

For the reasons assigned, the order allowing defendant's motion at the close of the testimony for a directed verdict is affirmed.

*Order affirmed.*

Burke and Kiley, JJ., concur.