LUCY BELLE RYE, APPELLEE, v. NEW YORK LIFE INSURANCE COMPANY, APPELLANT.

FILED MARCH 16, 1911. No. 16,331.

1. Appeal: ERROR IN TRANSCRIPT. A clerical or typographical error in a transcript brought here on appeal from the district court, which is clearly shown to be such, will not deprive the parties of a hearing of the appeal upon its merits.

2. Insurance Contract: ENFORCEMENT.   Where there is no uncer-
    tainty as to the meaning of an insurance contract, and the same
    is legal and not against public policy, it will be enforced as
    made.

3. ——: ——: NONPAYMENT OF PREMIUMS.  Terms of the life
    insurance contract in question stated in the opinion, and *held*
    that, the assured having borrowed from the company the full
    amount of reserve accredited to the policy shortly before his
    death, there was no fund in the hands of the company to pay for
    continued insurance, and the assured having failed to pay his
    annual premium when due, and for more than 30 days there-
    after, the policy could not be enforced.

4. ——: LOCAL CONTRACTS: LAWS OF FOREIGN STATES.  "Insurance
    business transacted in this state by a New York insurance com-
    pany without any provision that the New York laws shall govern
    is not subject to the provisions of the New York statute re-
    quiring a notice to be mailed to the policy holder in that state
    as a condition of forfeiture for nonpayment of premiums." *Mc-
    Elroy v. Metropolitan Life Ins. Co.*, 84 Neb. 866.

APPEAL from the district court for Sheridan county:
WILLIAM H. WESTOVER, JUDGE.  *Reversed.*

A. W. *Crites* and J. H. *McIntosh,* for appellant.

A. M. *Morrissey* and A. G. *Fisher,* contra.

BARNES, J.

Action by the beneficiary named in a life insurance pol-
icy to recover the sum named therein on account of the
death of the assured.  At the close of the evidence the
district court directed the jury to return a verdict for the
plaintiff, which was done.  Judgment was rendered upon
the verdict.  The defendant excepted, and has brought
the case here by appeal.

Plaintiff contended at the hearing that this court has
no jurisdiction to consider the errors complained of be-
cause the record does not contain a true transcript of the
pleadings on which the cause was tried in the district
court.

It appears that in plaintiff's petition the date of the policy in question was alleged as of June 13, 1898. This was clearly a clerical or typographical error, as we shall presently see. When the defendant prepared its answer, that mistake was not noticed, and, following certain denials, it was stated therein: "It is true that on the 13th day of June, 1898, the defendant insured the life of said Henry H. Rye for the benefit of the plaintiff, and the defendant alleges that said insurance was evidenced by policy No. 958,680, and that the consideration therefor was the sum of $290.70, the receipt of which was acknowledged by the terms of said policy, and the payment of a like sum on the 13th day of June in every year during the continuance of said policy until 20 full years' premiums should be paid." When the transcript was filed in this court, it showed the date of the policy as June 13, 1899, instead of June 13, 1898. Such proceedings were subsequently had that the defendant was permitted to file a corrected transcript, which it has done, and therefore we proceed to determine the appeal upon its merits.

Plaintiff's next contention is that the defendant's assignments of error should not be considered because her action is based on a policy issued to the assured June 13, 1898, and not on the one contained in the bill of exceptions. In the face of the record this contention is absurd; and, if it were true, the judgment would have to be reversed, for the plaintiff produced no evidence showing or tending to show that the defendant ever issued any other policy on the life of the assured than the one contained in the record. That policy is numbered 958,680, and is shown by competent proof to be the only policy which he ever obtained from the defendant company. The record contains no evidence of the terms or conditions of any other policy, and we therefore conclude, as a matter of fact, that this action and the defense thereto are both based upon policy numbered 958,680, and none other.

This brings us to the consideration of the defendant's contention that the district court erred in directing the

jury to return a verdict for the plaintiff. It appears that on the 13th day of June, 1899, the defendant insured the life of Henry H. Rye, who was the plaintiff's former husband, by the policy contained in the record, and that plaintiff was named therein as his beneficiary; that the annual premiums which the assured agreed to pay fell due on the 13th of June each succeeding year thereafter to and including the year 1919; that the assured paid the annual premiums thereon to and including the one which fell due on the 13th day of June, 1905. This continued the policy in force to the 13th day of June, 1906, and for an additional 30 days thereafter, as provided by the terms of that instrument. It further appears, without question, that in the month of January, 1906, plaintiff and the assured borrowed of the defendant the entire amount of the reserve which had accrued and would accrue thereon up to the time of the payment of the next annual premium; that, when that payment became due, the assured failed, refused and neglected to pay the same at that time or within 30 days thereafter; that while in default of such payment, and on the 15th day of July, 1906, the assured was fatally injured, and that he died on the 25th day of that month. The policy in question provides: "If any premium or interest is not duly paid, and if there is any indebtedness to the company, this policy will be indorsed for such amount of paid-up insurance as any excess of the reserve held by the company over such indebtedness will purchase according to the company's present published table of single premiums, upon written request therefor within six months from the date to which premiums were duly paid. Such paid-up insurance shall be payable either if the insured shall die before the termination of the endowment period, or if the insured shall then be living; or, if no such request is made, an insurance equal to the net amount that would at that time be payable under this policy as a death claim, will automatically continue for as long a period of time as any excess of the reserve held by the company over such indebtedness will pay for

as a single premium for term insurance, according to the company's present published rates, and no longer; but, if such excess of reserve, applied as a single premium for term insurance, be more than sufficient to continue the insurance to the end of the endowment period, and if the insured survives that period, the remainder shall be paid in cash at the end of said period."

It is conceded that the plaintiff and the assured, in January, 1906, borrowed of the defendant the entire amount of the reserve accredited to their policy, and therefore when their default occurred, and their policy lapsed for nonpayment of premiums, there was no reserve fund in excess of their indebtedness with which to purchase additional insurance of any kind or continue the policy in force.

It is claimed, however, that at the death of the assured there was a surplus or profit to the credit of the policy, which continued it in force, and therefore the plaintiff was entitled to a judgment for the full amount named therein. The policy provides in express terms: "If the insured is living on the 13th day of June, 1919, which is the end of the twenty-year accumulation period of this policy, and if the premiums shall have been duly paid to that date, and not otherwise, the company will apportion to the insured his share of the accumulated profits." It appears that no surplus or profits could be ascertained or credited to this policy until the date of its maturity, which is the 13th day of June, 1919. Therefore plaintiff's claim to additional insurance upon this ground must fail.

Finally, it is plaintiff's contention that there could be no forfeiture of the policy until after notice of the company's intention to forfeit the same, and to support that contention a certified copy of the laws of the state of New York, passed in the year 1892, providing for such notice, was offered in evidence. The defendant, however, introduced in evidence that law as amended in 1898, which provides that such notice shall only apply to policies issued to persons residing in that state. The policy con-

tains no provision requiring such notice, but by its terms is automatically forfeited for nonpayment of premiums. The law invoked by the plaintiff having no extra-territorial force, this contention cannot be sustained. *McElroy v. Metropolitan Life Ins. Co.*, 84 Neb. 866.

It seems clear from the record that the policy lapsed on the 13th day of June, 1906, for the nonpayment of premiums; that when it lapsed there was an indebtedness to the company of $1,365; that the insurance benefits provided for in case of lapse were paid up or automatically continued insurance for such amount or time as the excess of the reserve at the time of the lapse over the indebtedness would purchase. The reserve at the time of lapse was $1,365, and precisely equaled the indebtedness of the assured to the company at that time. It appears from the record and the evidence, as it stood at the end of the trial, that there was no insurance on the life of the assured at the time of his death, and therefore the trial court erred in instructing the jury to return a verdict for the plaintiff. Where there is no uncertainty as to the meaning of an insurance contract, and the same is legal and not against public policy, it must be enforced as made. *Imperial Fire Ins. Co. v. Coos County*, 151 U. S. 452; *Swarts v. Siegel*, 54 C. C. A. 399; *Dwight v. Germania Life Ins. Co.*, 103 N. Y. 341.

For the foregoing reasons, the judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.