LUCY BELLE CILEK, APPELLEE, v. NEW YORK LIFE INSURANCE COMPANY, APPELLANT.

FILED FEBRUARY 13, 1914.    No. 18,275.

1. Insurance Contract: ENFORCEMENT. An insurance contract, where there is no uncertainty as to its meaning, and the same is legal and not opposed to public policy, will be enforced as it is made.

2. ———: CONSTRUCTION: DEFAULT. It was provided by the terms of a twenty-year endowment life insurance policy that at the end of the twenty-year accumulation period, which was June 13, 1919, if the premiums have been duly paid to that date, and not otherwise, the company will apportion to the insured his share of accumulated profits. The assured, having paid seven annual premiums, and having borrowed from the company the full amount of the reserve accredited to the policy, defaulted in the payment of his annual premium, and after the lapse of more than 30 days from the date of his default died. Held, That the beneficiary is not entitled to have indefinite and uncertain profits credited to such policy in order to keep it in force.

3. ———: VALIDITY. The insurance laws of the state of New York and the charter of the insurance company examined, and found to contain nothing which is in conflict with the terms of the insurance contract as written.

4. ———: NOTICE OF FORFEITURE: LAW GOVERNING. The provision of the insurance laws of the state of New York requiring notice to be mailed to the policy-holder in that state as a condition of forfeiture for nonpayment of premiums has no application to insurance contracts made in this state.

5. Insurance: LOAN ON POLICY: ESTOPPEL. In case the beneficiary has joined with the insured in the application for a loan upon the insurance policy, she cannot afterwards claim that the loan was made without her knowledge or authority.

APPEAL from the district court for Sheridan county. WILLIAM H. WESTOVER, JUDGE. *Reversed and dismissed.*

*Switzler, Goss & Switzler, A. W. Crites* and *James H. McIntosh,* for appellant.

*Fisher & Rooney* and *A. M. Morrissey, contra.*

BARNES, J.

This case is before us on a second appeal. When it was heard the first time, the plaintiff was Lucy Belle Rye; since that time she has remarried, and is now Lucy Belle Cilek.. Our former opinion is found in *Rye v. New York Life Ins. Co.*, 88 Neb. 707, where the facts are fully stated, and therefore they will not be restated in this opinion.

When the mandate was returned to the district court, the plaintiff, instead of dismissing the case, filed an amended petition. The defendant amended its answer, and the plaintiff replied. The issues, however, were not materially changed. The cause was thereupon tried to the court without the intervention of a jury. There was a finding for the plaintiff, and a judgment was rendered against the defendant for $7,362.50, and the defendant has again appealed.

The only change of consequence in the petition is the allegation that at the death of the assured there had accumulated a profit to the credit of the policy in question in an amount sufficient to continue it in force until after his death, and therefore plaintiff was entitled to a judgment against the defendant. This allegation was denied, and the burden of proof to maintain that issue was on the plaintiff. To prove that fact the plaintiff produced the deposition of one Eldridge, who testified that on accumulations on the premiums actually paid by the assured and the company's statement as to its gain and loss exhibit from 1899 to 1906, both inclusive, of the proposition of loading used for expenses and the actual loading in its total business, and the ratio of the actual mortality in each year, to the expected mortality of that year, and the ratio of interest actually earned to the interest required to maintain the reserve, the value of the policy above the amount loaned to the assured was $194.63. But

on cross-examination the witness admitted that the reserve on June 13, 1906, was $1,365, and this was the exact amount of money which the assured had borrowed from the defendant company.

Plaintiff also produced the deposition of Horace S. Wiggins, a public accountant, who testified that, estimating the gain and loss, the value of the policy in question on June 23, 1906, over and above the reserve, was $195.40, which was a different amount than that testified to by the witness Eldridge. On cross-examination Wiggins testified that the reserve on this policy on June 13, 1906, was just $1,365. It thus appears from the testimony of plaintiff's own witnesses, as applied to the terms of the contract, that on June 13, 1906, when the assured defaulted in the payment of his annual premium, he had borrowed of the insurance company the entire amount of the reserve available for the purpose of continuing his policy in force; and by the terms of his contract, counting 30 days of grace, after June 13, 1906, the policy had lapsed, and the beneficiary was not entitled to recover in this action.

As was said in our opinion on the former appeal (88 Neb. 707), quoting from the policy itself: " 'If any premium or interest is not duly paid, and if there is any indebtedness to the company, this policy will be indorsed for such amount of paid-up insurance as any excess of the reserve held by the company over such indebtedness will purchase according to the company's present published table of single premiums, upon written request therefor within six months from the date to which premiums were duly paid. Such paid-up insurance shall be payable either if the insured shall die before the termination of the endowment period, or if the insured shall then be living; or, if no such request is made, an insurance equal to the net amount that would at that time be payable under this policy as a death claim, will automatically continue for as long a period of time as any excess of the reserve held by the company over such indebtedness will pay for as a single premium for term insurance, according

to the company's present published rates, and no longer; but, if such excess of reserve, applied as a single premium for term insurance, be more than sufficient to continue the insurance to the end of the endowment period, and if the insured survives that period, the remainder shall be paid in cash at the end of said period.' *  *  * It is claimed, however, that at the death of the assured there was a surplus or profit to the credit of the policy, which continued it in force, and therefore the plaintiff was entitled to a judgment for the full amount named therein. The policy provides in express terms: 'If the insured is living on the 13th day of June, 1919, which is the end of the twenty-year accumulation period of this policy, and if the premiums shall have been duly paid to that date, and not otherwise, the company will apportion to the insured his share of the accumulated profits.' It appears that no surplus or profits could be ascertained or credited to this policy until the date of its maturity, which is the 13th day of June, 1919. Therefore plaintiff's claim to additional insurance upon this ground must fail." It will be seen that by our former decision this question was fully disposed of. That opinion is the law of this case, and we see no reason at this time to depart from what was there said.

The plaintiff contends, however, that the legislature of the state of New York passed an act in the year 1906, providing, among other things, that life insurance companies organized in that state should, within 60 days subsequent to the first of January of each year, cause an estimate to be made of the true state of affairs of the company, as near as may be, for the preceding year, which estimate shall be conclusive upon all persons entitled to share in any distribution of surplus which shall be made in accordance with the general provisions of law, either in cash or in reduction of premium on the reversionary insurance payable with the policy, on *the same conditions as therein expressed;* and that the defendant company, in compliance with that act, amended its charter, and therefore she was entitled to recover in this action. We find no provision of this law or the amended charter which in

any manner conflicts with the express terms of the policy on which this action is brought, or which requires us to change or modify its provisions. The reserve at the time of the lapse of this policy was $1,365, and precisely equaled the indebtedness of the assured to the company at that time. There is no uncertainty in the meaning of the insurance contract in this case. It is legal in all respects, and by its terms is not against public policy. Therefore it is the duty of the court to enforce the contract as made. *Imperial Fire Ins. Co. v. Coos County,* 151 U. S. 452; *Swarts v. Siegel,* 54 C. C. A. (U. S.) 399; *Dwight v. Germania Life Ins. Co.,* 103 N. Y. 341.

It is also contended by the plaintiff that by the laws of the state of New York the policy in question could not be forfeited without a notice to the beneficiary. But, as was said in our former opinion, that law only applies to persons residing in the state of New York, and has no extraterritorial force. By the terms of the policy in question it automatically lapsed for the nonpayment of the premium due June 13, 1906, in 30 days after that date.

Finally, it is claimed by the plaintiff that, while the assured borrowed the full amount of the reserve accredited to the policy, she never consented that he should do so, and therefore her rights have been invaded, that she is not bound by the acts of the assured, and is entitled to have the judgment affirmed. Answering this contention, it is sufficient to say that the plaintiff joined with the assured in making the written application for the loan on his policy, and she cannot now claim that she did not consent to the making of such loan, and this contention must fail.

It is suggested by plaintiff that the appellant's brief does not comply with the rules of this court, and ought not to be considered. Objections made to the form or matter of a brief made for the first time upon the final hearing will not be favorably considered by the court.

As we view this case, every question presented by this appeal was fully disposed of by our former decision in *Rye v. New York Life Ins. Co.,* 88 Neb. 707. No new facts are

contained in the record, and therefore the judgment of the district court is reversed and the plaintiff's action is dismissed.

REVERSED AND DISMISSED.