MARY J. DRESSLER, APPELLANT, V. COMMONWEALTH LIFE
        INSURANCE COMPANY, APPELLEE.

FILED FEBRUARY 10, 1921.  No. 21217.

1. Insurance: NONPAYMENT OF PREMIUMS: FORFEITURE. Where the terms of a life insurance contract provide that, upon failure of the insured to pay the stipulated premium on a day named, the "policy shall be *ipso facto* null and void and all premiums forfeited to the company, except as herein provided," such provision is not illegal or against public policy, and, there being no condition creating a waiver or estoppel, the contract will be enforced as made.

2. ———: ———: ———. In such case, the failure to make the payments as provided in the contract works a forfeiture.

3. ———: ———: ———: NOTICE. In such case, no no'ice or declaration of forfeiture is necessary on the part of the insurer, in the absence of a statute requiring such notice, or some stipulation in the contract that notice should be given.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Wymer Dressler,* for appellant.

*T. W. Blackburn* and *Clark O'Hanlon, contra.*

DAY, J.

This action is based upon a policy of insurance upon the life of Samuel H. Dressler, in which the plaintiff is named as beneficiary. The case was tried to the court upon an agreed statement of facts, a jury being waived by the parties. The court found the issues in favor of the defendant and entered a judgment of dismissal.

The record shows that on July 8, 1914, the defendant issued its policy of insurance upon the life of Samuel H. Dressler, in which his mother, the plaintiff herein, was named as beneficiary. At the time the policy was issued, the premium for the first year was paid, but the second premium, due and payable by the terms of the policy on July 8, 1915, was never paid. By the terms of the policy, the payment of the first premium automatically extended the insurance for a period of two months beyond July 8, 1915. The insured came to his death by drowning on July 2, 1916. The ultimate question to be determined is whether the life insurance contract was in force at the time of the death of the insured.

The policy contained a stipulation as follows: "If any premium is not paid when due, this policy shall be *ipso facto* null and void and all premiums forfeited to the company, except as herein provided." The exception referred to by the proviso, in so far as it relates to policies upon which but one premium has been paid, relates to the automatic extension of the insurance for a period of two months beyond the expiration of the first year's insurance. This proviso does not aid the plaintiff in any way, for it will be noted that the insured came to his death some months after the period of automatic extension of the policy had elapsed.

While it is undoubtedly the rule in this state that forfeitures are looked upon with ill favor by the court, and that when an insurance contract is susceptible of two constructions, one of which will work a forfeiture and the other will not, the court will incline to adopt the construction which will prevent a forfeiture. Still, it is equally well established that, when there is no uncertainty as to the meaning of an insurance contract, and the same is legal and not against public policy, and when there is no situation presented which would create a waiver of its terms or work an estoppel, it will be enforced as made.

In the case of *Haas v. Mutual Life Ins. Co.*, 84 Neb. 682, it was said: "A clause stipulating for the forfeiture of a contract should not be aided or given effect by construction in a case where the plain meaning of the language used does not require it." See, also, *Jensen v. Palatine Ins. Co.*, 81 Neb. 523.

By plain and unmistakable terms the policy provided that the failure to pay the premium on the day appointed should work a forfeiture. The parties had the right to make such a contract; it is not illegal or against public policy; there is no situation suggested which could be regarded as a waiver of its time or to create an estoppel. Under such circumstances it is the plain duty of the courts to enforce the contract as made.    ·

In *Rye v. New York Life Ins. Co.*, 88 Neb. 707, the policy under consideration contained a clause of similar import to the case at bar. It was said: "When there is no uncertainty as to the meaning of an insurance contract, and the same is legal and not against public policy, it will be enforced as made." To the same general effect see: *Sharpe v. New York Life Ins. Co.*, 5 Neb. (Unof.) 278; *Rustin v. Ætna Life Ins. Co.*, 98 Neb. 426; *Bogue v. New York Life Ins. Co.*, 103 Neb. 568; *Iowa Life Ins. Co. v. Lewis*, 187 U. S. 335.

2 Joyce, Law of Insurance (2 ed.) sec. 1103, states the rule, which is supported by numerous authorities, as

follows: "If the policy provides that the premium shall be paid on or before a stipulated day or the policy shall become forfeited and void, or that the company shall be released from all liability, time becomes of the very essence of the contract, and a failure to pay as agreed determines the contract, unless there be a waiver or estoppel."

But it is urged that there can be no forfeiture of the contract for a failure to pay the premium, without some affirmative action taken by the company declaring a forfeiture. Cases are readily to be found in which the necessity of action on the part of the company, as a condition precedent to the right to claim a forfeiture, is considered. In some of the states notice of an intention to claim a forfeiture is required by statute. Some of the contracts specifically require that notice to the insurer of intended forfeiture shall be given. The generally accepted rule is that, in the absence of a statute requiring notice to the insured, or some stipulation in the contract requiring it, no notice or declaration of forfeiture is required where the policy stipulates for forfeiture for nonpayment of premium. 2 Joyce, Law of Insurance (2d ed.) sec. 1106; *Ohio Farmers Ins. Co. v. Wilson,* 70 Ohio St. 354; *Knights of Columbus v. Burroughs,* 107 Va. 671, 17 L. R. A. n. s. 246.

We find no error in the ruling of the trial court, and its judgment is

AFFIRMED.