LYDIA NOVAK, APPELLANT, v. LAFAYETTE LIFE INSURANCE COMPANY, APPELLEE.

FILED JULY 7, 1921.  No. 21603.

1. Insurance: FAILURE TO PAY PREMIUMS. A provision in a life insurance policy, providing that it should become null and void upon failure to pay premiums when due, is not illegal, and where there is default in the payment of premiums, and no act or circumstance constituting a waiver or estoppel on the part of the company, preventing it from insisting upon a forfeiture, the contract will be enforced as it was made.

2. ———: Giving Note for Premium. Whether or not a note given for a renewal premium is taken as an absolute and unconditional payment of the premium, or whether the note is given, not as payment, but for the purpose of extending the time of payment, is a question of fact to be determined by the provisions of the note and the attending circumstances.

3. ———: ———: Forfeiture. Where the policy provides for such a forfeiture, and the insured executes and delivers to the company a note to cover a renewal premium, which note recites that, if not paid at maturity, the insurance policy shall become null and void without act on the part of the company, and the company issues a receipt for the note, reciting that the policy shall continue in force until the maturity of the note, it is quite clear that the note was not given as an unconditional payment of the renewal premium, but as an extension of time for the payment of the premium, and a default in the payment of the note will work a forfeiture of the policy.

4. ———: ———: ———. A mere retention of the note by the company after its maturity, with no affirmative acts on the part of the company signifying an intention to enforce payment, does not result in either a waiver or an estoppel that will prevent the company from insisting upon a forfeiture.

5. ———: ———: ———. A notice to the insured that such a premium note has become due and is not paid, and an offer to allow for an arrangement for him to pay it and avoid forfeiture, without any other act on the part of the company displaying an attitude to compel its payment or to insist upon the right to enforce it, are insufficient to estop the company from claiming a forfeiture of the policy by reason of the previous default.

Appeal from the district court for Douglas county: Charles Leslie, Judge. *Affirmed.*

*Weaver & Giller,* for appellant.

*Baldrige & Saxton, contra.*

Heard before Morrissey, C.J., Aldrich, Day, Dean, Flansburg, Letton and Rose, JJ.

Flansburg, J.

This was an action to recover on a life insurance policy. The lower court found that the policy had become forfeited by reason of the failure of the insured to pay a premium

note at its maturity, and took the case from the jury. Judgment was entered accordingly, and from this judgment the plaintiff appeals.

The policy provided that "failure to pay any renewal premium when due shall render this policy null and void * * * without action on the part of the company." The first year's premium on the policy had been paid and the second premium became due on October 15, 1914, and on that date, October 15, the insured executed and delivered to the company a nonnegotiable renewal premium note, which contained this provision: "This note is given for premium on policy * * * issued by the payee hereof, and if not paid at maturity said policy shall, without notice or affirmative act on the part of the company or any of its officers or agents, be null and void." The note was payable on April 15, following. Coincident with the execution and delivery of the note, a receipt was issued by the insurance company, reciting the receipt of one note "due and payable at the company's home office April 15th, 1915, for which policy, * * * issued by the LaFayette Life Insurance Company, is continued in force until the maturity of the note. Upon payment of said note on or before maturity the company's regular premium receipt will be forwarded." Insured died on September 14, after the maturity of the note, and without the note having been paid by any one.

A provision in a life insurance policy, providing that it shall become null and void upon failure to pay premiums when due, is not illegal, and where there is default in payment of premiums, and no act or circumstance, constituting a waiver or estoppel on the part of the company, preventing it from insisting upon a forfeiture, the contract will be enforced as it was made. *Dressler v. Commonwealth Life Ins. Co.,* 105 Neb. 669.

Plaintiff, however, contends that an acceptance of the note by the company constitutes an absolute payment of the renewal premium contracted for by the policy of insurance, and that the provision in the note that the policy

should become forfeited upon a failure to make payment at maturity is ineffective and does not constitute a part of the insurance contract. Whether or not such a note is taken as an absolute and unconditional payment of a premium, or whether the note is given, not as payment, but for the purpose of extending the time of payment, is a question of fact. From the terms and provisions of the note and the recital of the receipt given in exchange for it, there can be no question but that the company did not accept the note as an unconditional payment of the premium, and that an extension of time for the payment of the premium, only, was intended. In legal effect, we do not see that that arrangement differs from a mere written agreement extending the time within which the renewal premium might be paid and saving to the company its rights of a self-operative forfeiture in case the extension agreement should not be complied with.

The case of *Sharpe v. New York Life Ins. Co.*, 5 Neb. (Unof.) 278, is very similar to the case at bar. There the court held, under similar circumstances, where a note was given for the purpose of extending time for the payment of a premium and contained a provision continuing the agreement for forfeiture in case the note should not be paid at maturity, that the default in payment at maturity would work a forfeiture of the policy. Where the policy and note both contain such provisions for forfeiture in case of failure of the insured to pay the premium when due, default in payment works an automatic forfeiture of the insurance. *Houston v. Farmers & Merchants Ins. Co.* 64 Neb. 138; *Farmers & Merchants Mutual Life Ass'n v. Mason,* 65 Ind. App. 66; 25 Cyc. 826.

Plaintiff claims that the insurance company has waived the forfeiture. It is urged that the company did not return the note at its maturity, and that, by its mere retention of the note, it has shown a disposition to enforce it, and having taken such position, is estopped to deny that the policy is still in force. There are no affirmative acts, however, on the part of the company signifying an inten-

tion to enforce payment of the note. It has asserted no rights upon the note. The return of the note has never been demanded by the insured. The mere retention of the note, under such circumstances, was not indicative of an attitude on the part of the company that the policy was still in force, or that the forfeiture had been waived, or that the company would attempt a collection of the premium by an enforcement of the payment of the note. A mere retention of the note, alone, would not result in either a waiver or an estoppel. *Sharpe v. New York Life Ins. Co., supra; Farmers & Merchants Mutual Life Ass'n v. Mason, supra; Pendleton v. Knickerbocker Life Ins. Co.,* 5 Fed. 238.

The plaintiff's principal contention, however, is based upon a letter which, it is claimed, was written by the insurance company to the insured after the maturity of the note, and is dated April 21, 1915. The introduction of this letter in evidence is seriously contested by the defendant, on the ground that there was an insufficient showing that the letter was ever mailed by the company or received by the insured. But, aside from that question, we see nothing in the letter which constitutes a waiver of the forfeiture. The purported letter, addressed to insured, was as follows: "We find that you have not made payment of your note accepted as an extension of time for part of the premium under the above-numbered policy. The total amount due is shown by the following statement: If you cannot pay this amount at this time, it will be your privilege to make a partial payment of $21.92, which is the accrued interest to date, and a payment of $20 on the principal of the note, and the balance may be extended for another ninety days or until July 15th. We trust that we shall hear from you by return mail and for your convenience please find inclosed a stamped envelope."

This letter was no more than an offer to reinstate the policy on condition that the insured should make an immediate cash payment of a portion of the premium, and

arrange for payment of the balance within 90 days, or by July 15. This offer was not accepted. It was no more than a notice to the insured of the condition of his default, and of an offer to allow him to avoid its effects. Such a letter, certainly, would not mislead the insured into the belief that his policy would be continued, regardless of whether or not he should comply with the conditions set forth in the letter of the company. Furthermore, this could not, in any event, have been construed as a waiver by the company or an extension of time for payment of the premium beyond July 15, which date was the final limit for extension of time, as set forth in the letter itself. A notice to the insured that his premium note has become due and is not paid, and an offer to allow for an arrangement to pay it and avoid a forfeiture, without any other act on the part of the company displaying an attitude to compel its payment or to insist upon the right to enforce it, are insufficient to estop the company from claiming a forfeiture of the policy by reason of the previous default, and no affirmative action on its part is necessary to bring about such a forfeiture, under the circumstances that we have set forth.

In the following cases it has been held that a mere request on the part of the insurance company for the payment of a premium note which is past due is not sufficient to show that the company has waived its rights to enforce the forfeiture: *Ætna Life Ins. Co. v. Ragsdale,* 95 Va. 579; *National Life Ass'n v. Brown,* 103 Ga. 382; *Sullivan v. Connecticut Indemnity Ass'n,* 101 Ga. 809. Though it has been held in *Inter-Southern Life Ins. Co. v. Duff,* 184 Ky. 227, that, where an insurance company makes an unconditional demand for payment of such a note, it will be held to have waived the forfeiture provided by the company, we do not see in the letter here before us any unconditional demand for the payment of the note, or any attitude on the part of the company inconsistent with its right to assert a forfeiture of the policy in case its offer should not have been accepted.

For these reasons, we are of opinion that the judgment of the lower court is correct, and it is

AFFIRMED.