CHARLES LENTZ, APPELLEE, V. OMAR BAKING COMPANY, APPELLANT.

FILED JANUARY 26, 1934. No. 28604.

*Kennedy, Holland & De Lacy*, for appellant.

*S. L. Winters, contra.*

Heard before Goss, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and SHEPHERD, District Judge.

DAY, J.

This was an action to recover damages for personal injuries received by plaintiff by reason of a breach of a warranty by the defendant in the sale of a horse. The defendant appeals from a judgment in favor of plaintiff for $3,989.35.

The plaintiff, a cripple by reason of an affliction to his hips, walked slowly, awkwardly, and with difficulty. He purchased a horse from the defendant. The defendant's agents were told about his physical condition, his age, sixty-nine years, and his need for a gentle horse. The defendant assured the plaintiff that the horse in question was such an animal. In fact, the evidence discloses that the horse was used on a bakery wagon for several years, going over the route without hitching while the driver went into various houses to serve customers for bakery goods. When the plaintiff with the help of others first hitched the horse to a buggy and got in, the horse without warning ran away, broke the side of the barn, a part

of the fence, caught the buggy on a heavy post and broke loose from it and ran away.

Both of the plaintiff's legs were broken in this event.. Thereafter, the horse was sold by the plaintiff to a man who used him upon a garbage wagon, where again he walked over his route without being tied while the driver was calling at various houses. So far as the record discloses, the incident when the horse ran away with the plaintiff is this horse's only deviation from the character of a safe and gentle horse. It is difficult to understand, but the fact is undisputed that upon this one occasion he did not behave as a gentle horse suitable for the plaintiff to drive. There is no explanation in the record as to the cause of the runaway except that he was not gentle. It seems he ran away without apparent cause.

There was much conversation between the daughter of the plaintiff and employees of defendant in negotiating the sale. It was thoroughly understood that plaintiff was a cripple and his necessity required a horse of unquestioned gentleness. It is apparent under the circumstances that the plaintiff must have been induced to purchase the horse by the express warranty of the defendant. The evidence supports a finding that there was an express warranty as to this horse. The horse so warranted did not prove to be gentle and as a result the plaintiff was injured.

Where seller makes an affirmation of fact or promise, the natural tendency of which induces buyer to purchase, relying thereon, it is an express warranty. Comp. St. 1929, sec. 69-412. The defendant was not entitled to a directed verdict in this case, as contended.

It is not necessary to prove seller's knowledge of the evil propensities of a horse where there is an express warranty, to recover for breach. This is not a tortious action but contractual, and negligence is not involved. Therefore the common-law rule of scienter is not applicable. *Vaningan v. Mueller*, 208 Wis. 527. In *Cameron v. Mount*, 86 Wis. 477, the court held that, where pro-

spective purchaser was induced to drive a horse by an absolute warranty that horse was gentle, the action sounded in tort, but that it was not necessary to prove knowledge of its falsity. These two opinions of the Wisconsin court cite many authorities to which we refer by reference. The appellant does not cite any, nor have we found any, to the contrary, which would support the theory upon which it seems to have tried the case.

Since we have determined that this is a contractual action arising from a breach of warranty and that it was not necessary to prove the seller's knowledge that the horse was not gentle when it ran away without apparent cause, the assignments of error relating to the refusal to give instructions on this point need not be considered because they do not state the law applicable to the facts in this case.

Requests for instructions upon other points were substantially satisfied by instructions given by the court. The court was requested to instruct the jury that the burden of proof was on plaintiff to prove by a preponderance of the evidence that the horse was not gentle at the time he was sold. The emphasis in the appellant's argument is that the instruction given by the court did not use the expression "burden of proof." The court should have so instructed the jury. But an instruction that in fact places the burden of proof upon the plaintiff to establish by a preponderance of the evidence the material and necessary allegations of petition is sufficient in this regard. Such an instruction (No. 2) was given by the court. *Peterson v. Schaberg,* 116 Neb. 346, supports this view, although the instruction in that case was prejudicially erroneous for another reason.

The verdict in this case was for $3,989.35. The plaintiff was a cripple before the accident. He was sixty-nine years old. The hospital expenses were $395.35 and doctor's bills were $300. He could walk after a fashion before and take care of chickens and other chores. At the time of the trial, he had to be "taken care of like a baby

and could not get out of bed." The evidence as to much pain and suffering is convincing. However, the plaintiff, due to his advanced age and previous crippled condition, did not have a large loss of future earnings under the circumstances of his case. For this reason, the verdict seems excessive, and we have reached the conclusion that the verdict should be reduced to $3,195.35. If the plaintiff files a remittitur of all in excess of this amount within 20 days, the judgment will be affirmed. Otherwise, it is reversed and remanded.

AFFIRMED ON CONDITION.