OMAR BAKING COMPANY, APPELLANT, V. EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., APPELLEE.

FILED FEBRUARY 7, 1936. No. 29519.

*George B. Boland* and *Edward F. Leary*, for appellant.

*Hall, Cline & Williams, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

This is an action upon a policy of liability insurance. A general demurrer to the petition was sustained. Plaintiff

elected to stand upon its petition, and the action was dismissed. Plaintiff has appealed.

Plaintiff owns and operates a bakery in the city of Omaha and, in the prosecution of its business, owns and uses a large number of horses and horse-drawn vehicles for delivery of its products. One of its horses so owned, having become unsuited for plaintiff's use, was sold to one Lentz. When Lentz attempted to use the horse a few days later it ran away and seriously injured him. Lentz sued plaintiff for damages, alleging that the horse had been warranted to be gentle and suited to his needs. Lentz recovered a judgment against plaintiff which was affirmed by this court. *Lentz v. Omar Baking Co.*, 125 Neb. 861, 252 N. W. 410. Plaintiff satisfied the judgment obtained against it by Lentz and makes its loss to Lentz the basis for recovery in this action.

The policy in question is denominated "Teams Public Liability Policy" and contains this stipulation: "This policy covers * * * bodily injuries, * * * accidentally sustained by any person or persons other than employees of the assured, (1) caused by, and/or owing to the ownership, the maintenance, the use, and/or the operation of, all horses * * * used in connection with the business operations of the assured."

Plaintiff contends that the loss sustained by it in the suit by Lentz was one covered by the above provision of the policy. On the other hand, defendant contends that the loss sustained by plaintiff in satisfying the Lentz judgment was not covered by the policy.

Plaintiff argues that the loss which it incurred by reason of paying the judgment to Lentz was one arising out of its ownership of the horse; that the ownership of the horse implied the right to sell the horse, and that the damage sustained by Lentz arose by reason of the sale of the horse to him by plaintiff. Plaintiff in its excellent brief cites many sound propositions of law, buttressed by ample authority, but the view that we take is that they are not applicable to the facts disclosed by the record. We think the

decision in this case must be ruled by well-settled principles of law, and that it would be a work of supererogation to review the authorities which are not applicable.

An insurance policy is a contract, and, if it is couched in unambiguous and clear language, it should be construed as other contracts. The interest and the intent of the parties must be gathered from the language of the policy; each part of the contract should be considered in arriving at its true meaning, and a reasonable construction should be given to it.

"Where there is no uncertainty as to the meaning of an insurance contract, and the same is legal and not against public policy, it will be enforced as made." *Rye v. New York Life Ins. Co.*, 88 Neb. 707, 130 N. W. 434. See *Dressler v. Commonwealth Life Ins. Co.*, 105 Neb. 669, 181 N. W. 543; *Cilek v. New York Life Ins. Co.*, 95 Neb. 274, 145 N. W. 693.

We think that the language of the policy is not ambiguous; that it is clear, and that it should be given effect as made. The injury sustained by Lentz was not caused by, nor was it owing to, the ownership of the horse by plaintiff. At the time of the injury to Lentz plaintiff had parted with its ownership of the horse. The injury was not caused by, nor was it owing to, the maintenance of the horse by the plaintiff; nor was it caused by, or owing to, the use or operation of the horse in the plaintiff's business. The injury to Lentz, for which plaintiff became liable, was due to a contract of warranty made by it. Nowhere in the policy can we find coverage for such a transaction. We are satisfied that the loss sustained by plaintiff in paying damages for breach of its warranty was not one covered by the policy.

The trial court rightly sustained the demurrer to plaintiff's petition.

AFFIRMED.