SAMUEL MCCLENEGHAN, APPELLEE, V. LONDON GUARANTEE
& ACCIDENT COMPANY, LTD., APPELLANT.

271 N. W. 276

FILED FEBRUARY 5, 1937.   No. 29678.

*Kennedy, Holland, De Lacy & Svoboda* and *Edson Smith,* for appellant.

*Spittler & Nicholson* and *Johnsen, Gross & Crawford, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY and CARTER, JJ., and MESSMORE, District Judge.

PER CURIAM.

This is an action to recover insurance for total disability under an accident policy issued March 22, 1932, to Dr. Samuel McCleneghan, insured, plaintiff, by London Guarantee & Accident Company, insurer, defendant.

In the sum of $22,500, plaintiff, a physician and surgeon, was insured "against loss resulting from bodily injuries effected within the period of this policy through accidental means, directly and independently of all other causes," subject to all contractual provisions and limitations. The policy provided for indemnity for total disability as follows:

"Within thirty days from the date of the accident, wholly and continuously disable the insured to the extent that he can perform no kind of duty pertaining to his occupation, the company will pay, for so long as the insured suffers said total disability, indemnity at the rate of seventy-five and no-100 dollars ($75.00) per week."

For partial disability the provision was in this form:

"Within thirty days from the date of the accident, or shall from the date of the termination of total disability under part 1 of this clause B, continuously disable the insured to the extent that he is unable to perform work essential to the duties pertaining to his occupation, the company will pay weekly indemnity at one-half the rate specified in part 1 of this clause B for the period, not exceeding fifty-two consecutive weeks, of such disability."

The liability for indemnity is doubled, where injury is sustained while insured is driving an automobile. Other provisions follow:

"Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury."

"Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

In the petition it is alleged in substance that, while plaintiff was driving his automobile north on Florence Boulevard in Omaha, October 20, 1933, a car was suddenly backed out of a private driveway in front of him; that, in attempting to avoid a collision, he swerved his automobile

to the right against and over the curb; that he was thrown violently forward when his automobile struck the curb, striking the midsection of his abdomen against the steering wheel; that from the time of the accident until the latter part of April, 1934, he had occasional pains in his stomach, which were severe only at intervals; that, by means of a radiograph, it was discovered in April, 1934, he had a diaphragmatic hernia; that immediately upon the discovery he went to a hospital at Rochester, Minnesota, where an operation therefor was performed shortly after April 27, 1934; that notice of the accident and of resulting injury was given to insurer pursuant to the terms of the policy; that plaintiff was totally and continuously disabled as a result of the accident; that he waives benefits from October 20, 1933, until April 1, 1934; that he claims benefits at the rate of $150 a week from April 1, 1934, to August 1, 1934, in the sum of $2,400 and surgical benefits of $300, making a total claim of $2,700. He demanded also attorney's fees authorized by statute.

Defendant admitted the execution of the policy but denied liability thereunder and pleaded in substance the following defenses:

Plaintiff was not, within 30 days from the date of the accident, wholly and continuously disabled to the extent that he could perform no kind of duty pertaining to his occupation.

Written notice of the injury was not given within 20 days after the accident.

In the application for the policy, insured fraudulently failed to state that his last physical examination was made by Dr. Adolph Sachs in 1930, and that he was then treated for acidosis.

Details relating to the defenses outlined were pleaded in the answer which alleged defendant tendered back the premium.

In a reply plaintiff stated that he gave notice of the accident as soon as reasonably possible and he put in issue the other facts pleaded in defense.

At the close of plaintiff's evidence, defendant moved for a peremptory instruction in its favor. There was also a motion for a directed verdict in favor of plaintiff. On these motions the district court excused the jury, found the issues in favor of plaintiff and rendered a judgment against defendant for $2,700. Plaintiff was also allowed an attorney's fee of $300. Defendant appealed.

It was strenuously argued at the bar and in the brief that total disability of defendant under the policy was not proved, because there was no evidence that within 30 days from the accident plaintiff was totally and continuously disabled to the extent that he could "perform no kind of duty pertaining to his occupation." It is insisted by defendant that the total disability clause is reasonable, unambiguous and valid and that the testimony of plaintiff himself shows that he continued to perform the duties of his occupation for months from the date of the accident, October 20, 1933, and did not claim benefits for total disability for the period prior to April 1, 1934. There is a demand by defendant for strict observance of the literal terms of the total disability clause in connection with other terms of the policy.

Defendant asserts: "To come within the clause providing for total disability the accident must, 'within 30 days,' wholly and continuously disable the insured to the extent that he can perform no kind of duty pertaining to his occupation."

In support of this view defendant cited cases from other jurisdictions. Those cases and the following ruling in Nebraska have not escaped attention:

"Where there is no uncertainty as to the meaning of an insurance contract and the same is legal and not against public policy, it will be enforced as made." *Shambaugh v. Great Northern Life Ins. Co.,* 131 Neb. 415, 268 N. W. 288, following *Rye v. New York Life Ins. Co.,* 88 Neb. 707, 130 N. W. 434; *Omar Baking Co. v. Employers Liability Assurance Corporation,* 130 Neb. 365, 264 N. W. 873.

The better view seems to be that this doctrine does not

apply to a case where it would violate public policy or require an unreasonable forfeiture, accident insurance being affected with a public interest. There are some circumstances under which the courts do not literally enforce a total disability clause because insured, after an accident, performs some duty pertaining to his occupation. If plaintiff, a physician, instead of the injury received, had been accidentally injured to such an extent that he could not have moved a hand or a foot, and had been carried into a hospital, where a patient of his had called, had related symptoms to and received from the injured physician medical advice pertaining to the latter's professional duties, would a court of justice say that the physician was not totally disabled? The total disability clause, enforced literally under the circumstances assumed, would make the provision a reproach to honest insurance. As applied to the assumed accident it would be an unreasonable and unjust provision condemned by public policy. No sensible applicant for accident insurance would ever intend to bind himself by such a clause considered in a strict, literal sense. Accident insurance is not a method of procuring premiums conditioned on unreasonable phrases preventing recovery for accidental injuries. There should be honesty and fair dealing on both sides. Integrity and common sense should be factors in application, policy and performance. The diversity of phraseology in total disability clauses drawn by insurers and the interpretations thereof have been prolific sources of litigation. The decisions are not entirely harmonious. Many courts are inclined to look into the purpose of the insurance as disclosed by the entire contract and the facts of each particular case. The weight of modern authority is that utter physical and mental helplessness of insured as the result of an accident is not necessarily the test of his right to recover accident insurance for "total disability," that term meaning generally, in insurance law, such a disability as renders insured unable to perform the substantial and material acts of his business or occupation in the usual way. The cases on this

subject are annotated in 24 A. L. R. 203; 37 A. L. R. 151; 41 A. L. R. 1376; 51 A. L. R. 1048; 79 A. L. R. 857. As illustrating the trend of modern authority the following expressions are copied from a recent opinion:

"It has always been obvious that an absurdly literal construction could be put upon such words as 'any and every duty pertaining to my occupation' which would reduce the coverage for total disability to the state of coma or absolute mental and physical helplessness. But the fact that money is paid and accepted for accident insurance under these policies compels attributing good faith to the parties and a construction of the words used in the policy conformable to an honest intention to indemnify against total inability to practically carry on the occupation specified." *United States Fidelity & Guaranty Co. v. McCarthy,* 50 Fed. (2d) 2.

The better view seems to be that, where a total disability clause, purporting to make physical and mental helplessness essential to liability, if enforced literally, would result in an unreasonable and unjust forfeiture of accident insurance, it should be construed to mean such a disability as renders insured unable to perform the substantial and material acts of his business or occupation in the usual way.

Did plaintiff prove total and continuous disability? He paid the premium and received his policy. It was in force at the time of the accident. When he was thrown against the steering wheel of his car he had an acute pain in the midsection of his abdomen and was temporarily short of breath. From time to time thereafter he had an uncomfortable feeling like that caused by indigestion; occasionally had distressing pains in his stomach, which were relieved by vomiting; felt all right most of the time; had stomach trouble occasionally until April, 1934; practiced his profession in the meantime with capacity somewhat limited; thought he had acidosis or indigestion not attributable to the accident; first discovered in April, 1934, by means of X-rays that he had a diaphragmatic hernia;

promptly notified insurer of the accident and the injury; immediately went to the Mayo clinic where he underwent an operation for the hernia; was confined to the hospital; returned to Omaha from Rochester, Minnesota, May 26, 1934; was at home in Omaha for a time; went to New Mexico and returned to Omaha in September, 1934; was totally disabled as a result of the accident from April 1, 1934, to September 1, 1934.

There is evidence of the foregoing facts which were established for the purpose of the appeal by the findings of the district court. Plaintiff made no claim for benefits from the date of the accident until the hernia was discovered, while he practiced medicine in ignorance of his real condition as a result of the accident. It is a fair inference from the evidence that the accident immediately caused the hernia and that the injury was continuous until the operation. The evidence proves that the accident, injury, proper care and necessary surgery would have immediately, totally and continuously disabled plaintiff within the meaning of the policy, if the real nature of the case had been known from the first. In a somewhat analogous situation, it was said in a former opinion:

"In such a case it cannot be said that the injury is not continuous and from the date of the accident, nor can it fairly or justly be said that the disability is not continuous and from date of the accident, because the injured party enjoys a brief respite from pain and suffering, only to be endured to a greater degree when perverted nature again asserts itself. Occurring then under the circumstances stated, to hold that a brief respite from the conscious ill effects of an injury during which respite the insured was able to transact the most, if not all, of his ordinary business should bar recovery, seems to us neither reasonable nor just." *Rathbun v. Globe Indemnity Co.*, 107 Neb. 18, 31, 184 N. W. 903.

Though insurer's right to a strict, literal enforcement of the total disability clause is made the subject of a formidable argument and is recognized by some of the deci-

sions of courts, the liberal interpretation permitting a re-
covery under the circumstances of the case at bar is more
reasonable and just. On this feature of the appeal, there-
fore, error is not affirmatively shown.

It is next insisted that the item of $300 for surgical
benefits was erroneously allowed. The policy provides in
substance that $300 for surgical benefits will be allowed if
an operation as a result of the injury is necessary within
90 days from the date of the accident. The evidence proves
that an operation was necessary immediately after the ac-
cident, though the latent hernia was not discovered nor
the operation performed until more than 90 days had
elapsed. Plaintiff was entitled to benefits for total dis-
ability, as already determined, and the 300-dollar fee for
surgery was properly allowed under the terms of the policy
in view of the established facts.

The judgment below is also attacked as erroneous be-
cause plaintiff did not give insurer notice of the accident
within 20 days after it occurred. At first plaintiff did not
attribute his immediate and occasional irritating symptoms
to the accident. For some time he regarded them as
temporary and trivial. During that period he made no
claim for insurance but continued to practice his profes-
sion under the delusion that the pains in his stomach were
due to indigestion or acidosis. His real injury was latent.
Months after the accident the hernia was first discovered
by means of a radiograph or a fluoroscope. Notice was
promptly given after the true nature of the accidental
injury became known. Lack of knowledge of an injury
covered by the insurance accounts for the failure to give
notice within 20 days. The giving of notice as soon as
reasonably possible is fairly inferable from the evidence.
The evidential facts bring this defense within the following
doctrine announced in a recent case:

"Where a health and accident policy requires written
notice of injury or of sickness on which a claim may be
based to be given the insurer within 20 days after the ac-
cident causing such injury or within 10 days after the

commencement of disability from such sickness, it is sufficient compliance therewith on the part of an insured, who has received an injury apparently trivial in its nature but which thereafter causes an illness resulting in total disability, that he gives such notice when a condition developed such as would warn a person of ordinary and reasonable prudence that a disability had occurred or might occur therefrom which would entitle him to indemnity under his contract of insurance." *Ross v. First American Ins. Co.,* 125 Neb. 329, 250 N..W. 75.

A ruling of the trial court in refusing to recognize the asserted right of defendant to reserve questions for the jury in its motion for a directed verdict, in the event of an adverse decision on the motion, is assailed as erroneous. The record shows that both parties rested at the close of plaintiff's evidence. In defendant's motion thereafter for a peremptory instruction, there was no request for permission to adduce evidence. The motion was based on the assumed insufficiency of the evidence of plaintiff to sustain a verdict in his favor. As the record then stood, the evidence on behalf of plaintiff would not have sustained a verdict in favor of defendant on any of the issues included in the reservations, in view of the rules of law herein announced. There was therefore no error in the failure of the trial court to reserve questions for the jury in passing on defendant's motion for a directed verdict, regardless of proper procedure, whatever it may be.

Did plaintiff forfeit his insurance on the ground that he fraudulently failed to state in his application for insurance that his last physical examination was made by Dr. Adolph Sachs in 1930 and that he was then treated for acidosis? This is not a defense where, as shown by the record, the omission or the acidosis did not contribute to the accident or the loss or deceive the insurer to its prejudice. Comp. St. 1929, sec. 44-322. The law has been stated thus:

"The mere failure or omission to state the name of a physician and a treatment by him for some temporary in-

disposition or ailment will not avoid the policy." *Ross v. First American Ins. Co.*, 125 Neb. 329, 250 N. W. 75.

Upon a review of the record the assignments of error are overruled. For services of attorneys for plaintiff in the supreme court, he is allowed a fee of $200 to be taxed as costs pursuant to statute.

AFFIRMED.

DAY, J., concurs in result.