CLAUDE E. REINSCH, APPELLEE, V. TRAVELERS INSURANCE COMPANY OF HARTFORD, APPELLANT.

274 N. W. 572

FILED JULY 22, 1937. No. 30062.

*Kennedy, Holland, De Lacy & Svoboda,* for appellant.

*Gaines, McLaughlin & Gaines* and *Lawrence Fredericksen, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and SPEAR and KROGER, District Judges.

ROSE, J.

This is an action to recover 13 monthly benefit instalments of $100 each for permanent total disability, or $1,300, under a life insurance policy issued February 20, 1932, to Claude E. Reinsch, plaintiff, by the Travelers Insurance Company, defendant. The petition states that plaintiff became totally disabled for life August 17, 1935, as a result of disease, and that defendant refused to make the stipulated payments. A copy of the policy is attached to the petition and among other things provides:

"In accordance with the provision for permanent total disability benefits, and subject to the conditions thereof, the company will pay to the insured a monthly income of One Hundred Dollars."

Other provisions follow:

"Upon due proof that since the payment of the initial premium upon this contract, before a default in the payment of any subsequent premium, and before the date set

on the first page hereof for initial payment of deferred income, the insured has become wholly disabled by bodily injuries or disease and will be continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the company will waive the payment of any premiums which may fall due on this contract during such disability and will pay for each completed month from the commencement of such disability and during its continuance the disability income stated on the first page of this contract. Provided that in a case not susceptible of proof of permanency when claim is presented, then after the insured has been wholly disabled by bodily injuries or disease and has been prevented thereby from engaging in any occupation or employment for wage or profit for a period of not less than three consecutive months, upon due proof thereof the company will grant the aforesaid benefits from the commencement of such disability and during its continuance. The premiums so waived and the disability income so paid will not be deducted in any settlement hereunder."

The policy was issued as stated and was in force at the time of the alleged disability. Total permanent disability within the meaning of the contract was pleaded in a petition alleging that disease, continuously since August 17, 1935, has prevented plaintiff, and will continue to prevent him for life, from engaging in any occupation or employment for wage or profit.

Defendant denies the disability alleged in the petition. It is affirmatively pleaded in the answer that plaintiff has, and prior to August 17, 1935, had, a left inguinal hernia; that it is his only illness; that it does not totally and permanently disable him; that he is able to carry on his profession and is able to work; that his hernia can be reduced and cured by a surgical operation without danger to his life or health; that without reason he wilfully refuses to submit to such an operation and thus precludes himself from maintaining this action.

Upon a trial of the cause the jury rendered a verdict in

favor of plaintiff for $1,300 and from judgment thereon defendant appealed.

The asserted insufficiency of the evidence to sustain the verdict is presented at great length. The evidence is quoted and analyzed from defendant's standpoint in support of the view that the illness of plaintiff does not disable him within the meaning of the insurance policy. As a condition of recovery plaintiff was not required to prove utter physical and mental helplessness. In a recent opinion discussing disability insurance in the light of reason and precedent it was said:

"The weight of modern authority is that utter physical and mental helplessness of insured as the result of an accident is not necessarily the test of his right to recover accident insurance for 'total disability,' that term meaning generally, in insurance law, such a disability as renders insured unable to perform the substantial and material acts of his business or occupation in the usual way." *McCleneghan v. London Guarantee & Accident Co.*, 132 Neb. 131, 271 N. W. 276.

In a still later case the same doctrine was emphasized:

"A policy of insurance providing for total disability benefits when the insured 'has become wholly and permanently disabled by bodily injury or disease, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit or from following any gainful occupation,' means inability to do all the substantial and material acts necessary to the prosecution of the insured's business or occupation in his customary and usual manner." *Woods v. Central States Life Ins. Co.*, 132 Neb. 261, 271 N. W. 850.

Plaintiff was a dentist who practiced his profession in Omaha prior to August 17, 1935. He previously had a hernia, but it did not prevent him from performing professional duties and services in the usual manner. The evidence in his favor tends to prove that on the date mentioned, while he was attempting to change a tire on a wheel, his automobile slipped and forced him against a

wall; that the resulting injury aggravated the hernia, causing him to lose permanent control of the movement of his bowels and of the voiding of his bladder; that he is frequently distressed by nausea, vomiting and dizziness; that he cannot stand long on his feet; that he is physically unable to pursue his profession; that he has since done no dental or other work and is wholly unfitted for it.

A former opinion reads thus:

"The courts usually take the view that total disability to pursue any occupation exists when the injured party is unable to perform the substantial duties of that occupation." *Hamblin v. Equitable Life Assurance Society,* 124 Neb. 841, 248 N. W. 397.

The testimony is in conflict, but it is a fair inference from the evidence that plaintiff cannot keep his person in a condition essential to the work of his profession in the usual way or to any other gainful work or occupation and that he is totally and permanently disabled within the meaning of the insurance policy. On this feature of the appeal the assignments of error are overruled.

A vast amount of evidence and an elaborate argument are directed by defendant to the defense that unreasonable refusal of plaintiff to submit to a surgical operation for hernia defeats his claim for benefits. The testimony of experts on this issue is in conflict to some extent. Physicians examined by defendant said plaintiff has a left inguinal hernia with hydrocele, the latter an accumulation of serous fluid in a sacculated cavity in the scrotum; that an operation was advisable and necessary and a permanent cure without serious risk. In their view of an operation the hazards of death and recurrence would be almost at the vanishing point, according to the estimates of such dangers given in percentages. There were, however, at least slight hazards of both death and recurrence. A physician called by plaintiff advised against an operation. Other experts estimated the chances of permanent cure without recurrence at 50 per cent. In one instance the danger of mortality was said to be as high as 5 per cent. to 10 per cent.

There is evidence that a difficult major operation would be required, owing to complications, and confine plaintiff in a hospital for several weeks. The longing for continued life, even with distressing handicaps, and the fear of death may make deep impressions on the human mind, when hazards of a major operation are considered. The surgery risk was plaintiff's. The disability risk was defendant's. A former observation follows:

"It has been held that, where doctors disagree as to the probable success of an operation, the trend of the decisions is that a refusal by employee to submit to the operation under such circumstances is not unreasonable." *Wingate v. Evans Model Laundry,* 123 Neb. 844, 244 N. W. 635.

A disability insurer may contemplate in advance the natural longing for life and the fear of death. The policy in suit does not make a surgical operation a condition of recovering disability claims for which the contract provides. The evidence does not prove as a matter of law that the refusal of plaintiff to submit to a surgical operation for hernia was unreasonable. Error prejudicial to defendant has not been found in the record.

AFFIRMED.