NORMAN C. BROWN, APPELLEE AND CROSS-APPELLANT, V. INTER-OCEAN INSURANCE COMPANY, AN INDIANA STOCK INSURANCE COMPANY, APPELLANT AND CROSS-APPELLEE.
237 N. W. 2d 146

Filed January 8, 1976. No. 40153.

Robert W. Mullin of Van Steenberg, Brower, Chaloup-ka & Mullin, for appellant.

Robert M. Brenner of Holtorf, Hansen, Kovarik & Nuttleman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This is an action to recover for disability and medical expense under two accident insurance policies. The only witnesses called were plaintiff's. The fundamental question presented is in regard to the cause of plaintiff's disability. Verdict and judgment were for plaintiff for $2,971. We affirm the judgment of the District Court.

Plaintiff suffered from a degenerative disk disease of the spine resulting in protrusion of the disks between lumbar vertebrae 2 and 3 and 4 and 5. The protrusions were removed by surgery on December 14, 1971. In March 1972 plaintiff was sitting on a fender well in a pickup truck and on rising, slipped, and fell back a distance of about 16 inches, ending up again in a sitting position on the fender well. He suffered immediate pain. He was again operated on for a disk protrusion in the same area of the spine. This protrusion had not appeared at the time of the December 1971 surgery. The medical evidence indicated that the second, or March, condition was attributable to the injury sustained in the pickup truck, and that without such injury, he may well have escaped having a ruptured disk for the rest of his life. The medical evidence also indicated that half of his problem resulted from the preexisting disease and first surgery, and half from his injury and second surgery. Without the degenerative disk disease he would not have needed either operation. The insurance policies provided: "This policy shall not cover * * * (f) any loss caused directly or indirectly by any sickness, disease or mental infirmity * * *."

The undisputed medical evidence makes it clear that both the accident and the preexisting disease contributed to plaintiff's injury and that in the absence of either

factor, the injury would not have been sustained. Under such circumstances is liability barred by the exclusionary provision in the policy? The decisions are not unanimous on this question. See Annotation, 84 A. L. R. 2d, § 8, p. 199. A review of Nebraska law indicates liability. In Ward v. Aetna Life Ins. Co., 82 Neb. 499, 118 N. W. 70, it was held: "Where a person accidentally injured is insured against accident under a policy which provides for the payment of a sum named in case death results solely from such injury within 90 days, all morbid changes in the exercise of vital functions or the texture of bodily organs which result from or are induced by such injury should be regarded as the effect thereof, and not as independent causes; and, when death results from such morbid changes, it is caused by such accident within the meaning of such policy."

In Moon v. Order of United Commercial Travelers, 96 Neb. 65, 146 N. W. 1037, the insured suffered from Bright's disease, arteriosclerosis, and a chronic heart disease. He fell, sustained a severe bump and bruise in the area of his heart, and died shortly thereafter. The insurance policy contained an exclusionary clause as to death or disability resulting from or in consequence of bodily infirmity or caused wholly or in part by bodily infirmity or disease. The medical evidence indicated that the injury caused a rupture of the heart which would not have occurred to a normal heart. The court stated: "It is also contended by the defendant that the death was in consequence of disease, and that it was caused wholly or in part by bodily infirmity, and that the injury received was not the proximate, sole and only cause of the death. This would seem to bring us to the question whether the beneficiary of an elderly person who dies because of the injury received through an accident can recover anything if the organs of the body are affected by the age of the assured. When the membership is created it must be known that the member will grow old if he lives, and that the organs of his body,

including the heart, lungs and kidneys, are likely to be affected in time, and that the assured will be unable to resist in his old age the force of an accident which he might have successfully resisted at an earlier period." The court held: "The fact that the condition of the heart and other organs of the body of the assured may have the more readily permitted the rupture, it not having been shown that death would have ensued at the time it did but for the accident, the jury were warranted in finding that the accident was the proximate cause of the death."

The case of Russell v. Glens Falls Indemnity Co., 134 Neb. 631, 279 N. W. 287, is in conflict with these decisions, but has been disapproved in Long v. Railway Mail Assn., 145 Neb. 623, 17 N. W. 2d 675. The policy in the Long case provided: " 'There shall be no liability whatever unless death or disability results wholly from the injury, nor when any disease, defect or bodily infirmity is a contributing cause of death or injury, * * *.' " The insured sustained cuts from barbed wire and developed infection. Twenty-five days later he died of coronary and cerebral thrombosis. He suffered from an advanced stage of arteriosclerosis and was diabetic. The medical testimony was conflicting but in part indicated that the infection was the precipitating cause of death without which it might not have occurred. The court held that a jury issue was presented and laid down the following rule: "An accident insurance policy, providing for the payment of stipulated sums for accidental injury or death of the assured, where such injury or death is 'from violent and accidental means alone, resulting directly, independently and exclusively of all other causes' and also providing that 'There shall be no liability whatever unless death or disability results wholly from the injury, nor when any disease, defect or bodily infirmity is a contributing cause of death or injury,' means that recovery may be had when the accident is the active, efficient and precipitating cause which set in motion the agencies

which resulted in the injury or death without the intervention of any other independent force, even though existing infirmities of the insured may be necessary conditions to the result. When the cause of death involves the determination upon conflicting evidence of the relations between alleged causes and effects, it becomes a question of fact for a jury."

The cases above-cited remain the law of Nebraska and we are constrained to hold that recovery may be had. The foregoing also disposes of defendant's objections regarding instructions.

Defendant also urges that the evidence is insufficient to sustain a finding of total disability for a 6-month period. Examination of the record discloses that during this period plaintiff was able to perform very little of his usual work and was confined to acting in a supervisory capacity only. We held in McCleneghan v. London Guarantee & Accident Co., 132 Neb. 131, 271 N. W. 276, that: "Where a total disability clause, purporting to make physical and mental helplessness essential to liability of insurer, if enforced literally, would result in an unreasonable and unjust forfeiture of accident insurance, it should be liberally construed to mean such a disability as renders insured unable to perform the substantial and material acts of his business or occupation in the usual way." See, also, Schultz v. John Hancock Mutual Life Ins. Co., 134 Neb. 885, 280 N. W. 165. The Schultz case also holds that where reasonable minds may draw different conclusions as to whether total disability has been proved, a jury question is presented.

Finally, defendant contends that plaintiff testified to facts materially different from his deposition. A thorough check of the record fails to sustain the claim of material variance.

The judgment of the District Court is affirmed and plaintiff's attorney is allowed a fee of $300 for his services in this court.

AFFIRMED.